JUAN MURPHY LUGO, querellante y recurrido, *v.* ATLANTIC SOUTHERN INSURANCE COMPANY OF PUERTO RICO, querellada y recurrente.

*Número:* CE-64-16        *Resuelto:* 12 de noviembre de 1964

*Héctor Lugo Bougal,* abogado de la peticionaria; *Práxedes Álvarez Leandri,* abogado del recurrido.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Acogiéndose a las disposiciones de la Ley Núm. 2 de 17 de octubre de 1961, Juan Murphy Lugo instó querella ante el Tribunal de Distrito, Sala de Ponce, contra Atlantic Southern Insurance Company of Puerto Rico, reclamándole ciertas sumas de dinero por despido injustificado y vacaciones

acumuladas. Se dictó orden de citación y se libró por el Secretario el correpondiente mandamiento que fue diligenciado por el Alguacil y quien certificó que el día 24 de mayo de 1963 notificó personalmente "a Enrique Torres, o sea, la parte querellada", en Ponce, P.R., a las 6:15 A.M. entregándole copia fiel y exacta de la querella, del mandamiento y del diligenciamiento del mismo.

A solicitud del querellante el Tribunal de Distrito dictó sentencia en rebeldía el día 11 de junio de 1963 condenando a la querellada a pagar al querellante la suma de $1,653.32 más costas y $100.00 para honorarios de abogado.

Tres días después compareció la querellada Atlantic Southern Insurance Co. of Puerto Rico solicitando la reapertura del caso. Alegó que había hecho una solicitud de prórroga cuya denegación no le había sido notificada y que debido al trabajo excesivo del abogado de la querellada no había podido dar contestación a la demanda. Dicha moción fue declarada con lugar, ordenándose la reapertura del caso. [1] Una solicitud de reconsideración presentada por el querellante fue declarada sin lugar.

Recurrió entonces el querellante ante el Tribunal Superior, Sala de Ponce, mediante petición de *certiorari*. Librado el auto y celebrada una vista dicho Tribunal dictó sentencia anulando y dejando sin efecto la resolución del Tribunal de Distrito ordenando la reapertura del caso y lo devolvió para ulteriores procedimientos.

Para revisar dicha sentencia libramos a su vez un auto de *certiorari*.

El Tribunal Superior resolvió que el de Distrito actuó sin jurisdicción al ordenar la reapertura del caso y concederle oportunidad a la querellada para contestar. Resolvió

---

[1] La querellada había solicitado en tiempo una prórroga para contestar la querella pero la Secretaría del Tribunal de Distrito, fundándose en que la moción de prórroga no estaba jurada, la devolvió al abogado de la querellada, sin dar cuenta de ella al Juez Administrador ni radicarla en el expediente del caso.

además que la sentencia dictada en rebeldía contra la querellada era final, no era apelable y que "el único recurso de que se podía servir el querellado era el de acudir para ante este Tribunal para revisar los procedimientos (Sec. 4)".

La Sec. 3 de la Ley Núm. 2 de 17 de octubre de 1961, en lo aquí pertinente, dispone:

"Sección 3.—El juez dictará una orden para que se notifique a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiere comparecido por derecho propio, dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oirle. Solamente a moción de la parte querellada, la cual deberá notificarse al abogado de la parte querellante, o a ésta si compareciere por derecho propio, en que se expongan bajo juramento los motivos que para ello tuviere la parte querellada, podrá el juez, si de la faz de la moción encontrare causa justificada, prorrogar el término para contestar. En ningún otro caso tendrá jurisdicción el Tribunal para conceder esa prórroga."

Y la Sec. 4 de dicha Ley, también dispone en lo pertinente:

"Si el querellado no radicara su contestación a la querella en la forma y en el término dispuestos en la Sección 3, el Juez dictará sentencia contra el querellado, a instancias del querellante, concediendo el remedio solicitado. En este caso dicha sentencia será final y de la misma no podrá apelarse; Disponiéndose, sin embargo, que el querellado podrá acudir del Tribunal de Distrito al Tribunal Superior correspondiente, o del Tribunal Superior en que se haya originado la reclamación al Tribunal Supremo, dentro de los diez (10) días siguientes a la notificación de la sentencia para que se revisen los procedimientos."

Convenimos en que de acuerdo con las transcritas disposiciones de la Sec. 3, cuando la parte querellada se ve imposibilitada de radicar su contestación a la querella dentro

del término legal, viene obligada a exponer bajo juramento los motivos que tuviere para solicitar una prórroga para ello y que si así no lo hace, el Tribunal carece de jurisdicción para concederle dicha prórroga. Convenimos igualmente en que de acuerdo con lo dispuesto en la Sec. 4, cuando el querellado no radica su contestación a la querella en la forma y en el término dispuesto en la Sec. 3 y a instancias del querellante el Juez dicta sentencia, la misma se convierte en final y de ella no podrá apelarse aunque el querellado puede solicitar de un Tribunal Superior, la revisión de los procedimientos.

Considerando únicamente las referidas disposiciones de las Secs. 3 y 4, fue que el Tribunal Superior resolvió que el de Distrito carecía de jurisdicción para concederle a la querellada una prórroga para contestar la querella, y para dejar sin efecto la sentencia dictada en rebeldía.

Sin embargo, el Tribunal Superior debió recurrir a otras disposiciones de la propia Ley Núm. 2 para disponer de la controversia suscitada.

El Tribunal de Distrito, debido a la acción tomada por la secretaría de devolver la moción de prórroga al abogado de la recurrida, no tuvo ante sí, ya que no figuraba radicada en el expediente del caso, la referida moción de prórroga. No habiendo constancia en los autos de la comparecencia de la querellada, el Tribunal de Distrito procedió, a instancia del querellante, y a virtud de lo dispuesto en la Sec. 4, a dictar sentencia en rebeldía contra aquélla. Esta sentencia era final y de la misma no podía apelarse. La revisión por el Tribunal Superior de los procedimientos habidos en estos casos, posiblemente de ninguna utilidad hubiera servido a la querellada, (²)

(²) Tal vez podía atacarse la jurisdicción del Tribunal de Distrito para dictar la sentencia en rebeldía. La querellada es la "Atlantic Southern Insurance Co. of Puerto Rico". El alguacil certificó que había emplazado a "Enrique Torres" como la parte querellada. Ni en la querella, ni en ningún otro documento se relaciona en forma alguna a dicho Enrique Torres con la querellada. Por lo tanto de los documentos obrantes en autos no constaba que la querellada hubiera sido citada legalmente cuando se dictó sentencia en su contra. No podría sostenerse que la querellada se sometió a la

a no ser que la querella fuera insuficiente o que se hubiera incurrido en algún error sustancial en los procedimientos.

La querellada no solicitó la revisión de los procedimientos, sino que acudió ante el propio Tribunal de Distrito y solicitó y obtuvo que se reabriera el caso y se permitiera la radicación de la contestación a la querella. Las Secs. 3 y 4 de la Ley Núm. 2, no impedían la acción tomada por dicho tribunal. Tampoco lo impedía la disposición contenida en la Sec. 3 al efecto de que en la tramitación de los casos bajo esa ley "se aplicarán las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con las disposiciones específicas de esta ley o con el carácter sumario del procedimiento establecido por la presente; . . . ."

▮ Se trata, según hemos dicho, de una resolución dejando sin efecto la sentencia en rebeldía la cual fue dictada a tenor con lo dispuesto en la Sec. 4 de la Ley Núm. 2. De acuerdo con la Regla 49.2 de las de Procedimiento Civil, el Tribunal de Distrito tenía facultad discrecional para dejar sin efecto la referida sentencia. Ello es así porque la propia Ley Núm. 2 hace aplicable, como una excepción a sus Secs. 3 y 4, la Regla 49.2. A este efecto, la Sec. 7 de la Ley Núm. 2 dispone:

"Sección 7.—Cuando se dicte sentencia en virtud de las Secciones 4 ó 6 de esta ley, el Tribunal conservará la discreción que le concede la Regla 49.2 de las de Procedimiento Civil para el Tribunal General de Justicia en casos de error, inadvertencia, sorpresa, excusable negligencia, o fraude, pero la moción invocando dicha discreción deberá radicarse dentro del término de sesenta (60) días de notificada la sentencia a las partes y deberá exponerse en la misma, bajo juramento, los motivos en que se funda la solicitud. De no radicarse dicha moción dentro del término y en la forma aquí dispuestos, el Tribunal deberá declararla sin lugar de plano."

---

jurisdicción del Tribunal de Distrito antes de dictarse sentencia mediante su moción de prórroga para contestar pues la misma no se radicó en la Secretaría del Tribunal por las razones que ya hemos expuesto. Quizás esa circunstancia y otras alegadas justificaban la resolución del Tribunal de Distrito dejando sin efecto la sentencia en rebeldía y concediendo tiempo a la querellada para contestar la querella.

■ Por su parte la citada Regla 49.2 de Procedimiento Civil faculta a los tribunales para relevar a una parte o a su representante legal de una sentencia, orden o procedimiento, entre otras razones, por error, inadvertencia, sorpresa, o negligencia excusable o por cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. No hay duda de que el Secretario del Tribunal de Distrito incurrió en error al devolver por iniciativa propia, la moción de prórroga enviada por la querellada a dicho secretario. De haberse dado cuenta de esa moción de prórroga al Juez, quizás la querellada, que demostró tener interés en defenderse, hubiera tenido oportunidad de hacer una comparecencia correcta en el pleito. La ausencia en el expediente del caso de una alegación de la querellada dio lugar a que se dictara sentencia en rebeldía en su contra, lo que indudablemente fue para ella una sorpresa. No creemos, que bajo las circunstancias expuestas, abusara de su discreción el Tribunal de Distrito al dejar sin efecto la referida sentencia.

*Por las razones expuestas se revocará la sentencia dictada por el Tribunal Superior, Sala de Ponce, se confirmará la resolución del Tribunal de Distrito, Sala de Ponce, ordenando la reapertura del caso y se devolverá el mismo para ulteriores procedimientos.*