HALIME MUHAMMAD
Apelada

v.

SERVICIOS MEDICOS DE CAROLINA, INC.; EMPRESAS ROSICH, INC.; SERVICIOS MEDICOS METROPOLITANOS, INC.; JORGE ROBERTO ROSICH BACHS; EUGENIA SIERRA; LA SOCIEDAD DE GANANCIALES COMPUESTA POR JORGE ROBERTO ROSICH BACHS Y EUGENIA SIERRA; Y FULANO DE TAL
Apelantes

Núm. KLAN-95-00187

San Juan, Puerto Rico, a 19 de mayo de 1995

Panel integrado por su presidente, Juez Rossy García
y los Jueces Aponte Jiménez y Negroni Cintrón

Rossy García, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El 11 de enero de 1995 la Sra. Halime Muhammad presentó una querella en reclamación de salarios y otros beneficios contra los aquí apelantes. En la misma alegó en síntesis que trabajó para ellos en capacidad de acompañante de médico durante el período comprendido entre el 17 de septiembre de 1991 y el 11 de abril de 1994, fecha en que fue despedida de su empleo sin que mediase justa causa para ello, incumpliendo además los apelantes los términos de su contrato de empleo al no pagarle las sumas acordadas ni proveerle los beneficios ofrecidos. Alegó así que por tal despido injustificado e incumplimientos los apelantes le adeudaban solidariamente las sumas que a continuación se indican: $1,323.00 por concepto de salarios adeudados; $441.00 por concepto de vacaciones acumuladas y no utilizadas; $441.00 por concepto de licencia por enfermedad; así como la suma total de $1,407.78 por concepto de indemnización por su alegado despido injustificado, partida que incluye un mes de sueldo más una semana adicional por cada año de servicio. Solicitó en consecuencia un pronunciamiento de sentencia concediendo las sumas reclamadas por los conceptos indicados, la imposición de una cantidad igual en concepto de penalidad, intereses correspondientes, más una suma razonable por concepto de honorarios de abogado.█ Para la tramitación de la acción instada la apelada se acogió al procedimiento especial de carácter sumario establecido mediante la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 L.P.R.A. sec. 3118 *et seq.*

Se desprende de los autos que los apelantes, con excepción de la Sra. Eugenia Sierra, fueron emplazados y notificados de la reclamación instada el 12 de enero de 1995, siendo ésta última emplazada el 13 de enero de 1995. Surge también que todos fueron debidamente informados en el mandamiento de citación diligenciado sobre el término dispuesto en la sección 3 de la Ley Núm. 2, 32 L.P.R.A. sec. 3120, para contestar la querella. En particular fueron apercibidos que de no contestar la querella dentro del término de diez (10) días de la notificación, se dictaría sentencia en su contra sin más citarles ni oírles. Así emplazados los apelantes e ignorando lo también dispuesto en dicha sección 3 de la Ley a los efectos de que *"[S]olamente a moción de la parte querellada [...] en que se expongan **bajo juramento los***

*motivos aue para ello tuviere la parte querellada, podrá el juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar [...]"*, procedieron a presentar el 19 de enero de 1995 una moción, sin juramentar, solicitando en la misma un término de treinta (30) días para radicar su contestación a la querella, a partir el mismo de la notificación de la orden. Como único fundamento para tal solicitud indicaron que *"para estar en condiciones (sic) de formular alegación responsiva a la demanda, [los apelantes] necesita[n] un término de treinta (30) días para realizar una investigación de los hechos alegados en la demanda".* ■

El 31 de enero de 1995 y habiendo transcurrido el término dispuesto en dicha Ley para que los apelantes presentaran su contestación sin haberlo hecho, la apelada presentó moción en solicitud de un pronunciamiento de sentencia a su favor conforme a lo solicitado en la querella. Considerada como fue dicha moción a la luz del trámite procesal habido y el derecho aplicable, el tribunal declaró la misma con lugar y emitió sentencia el 7 de febrero de 1995, la que fue notificada el 6 de marzo de 1995, condenando solidariamente a los apelantes a satisfacer la suma total reclamada, a saber, tres mil seiscientos doce dólares con setenta y ocho centavos ($3,612.78), más una suma igual por concepto de penalidad, intereses al 9.5% anual y setecientos ($700.00) dólares por concepto de honorarios de abogado■

Inconformes los apelantes con dicho dictamen presentaron el recurso que nos ocupa interesando la revocación de la sentencia emitida. En sus señalamientos de error imputan que el tribunal de instancia incidió: (1) al condenar a los querellados a pagar solidariamente la sentencia impuesta, sin haber hecho determinación relativa a quién era el patrono de la querellante; (2) al no permitir la consolidación de las reclamaciones presentadas en contra de los querellados; (3) al conceder el remedio solicitado cuando la querella no está cobijada por la Ley Núm. 2 de 17 de octubre de 1961; y (4) al conceder las cantidades solicitadas por la querellante dado el término durante el cual ésta estuvo empleada.

Por los fundamentos que pasamos a exponer, resolvemos que el término durante el cual ésta estuvo empleada. resulta procedente modificar la sentencia apelada para ajustarla a derecho en cuanto a la penalidad impuesta sobre la indemnización correspondiente por concepto de despido injustificado.

## II

En el escrito de apelación interpuesto los apelantes se limitan a argumentar, en síntesis, que incidió el tribunal al condenarlos a satisfacer solidariamente las sumas reclamadas, *"pues no tuvo ante sí [sic] evidencia alguna de quien [sic] era el patrono de la querellante".* Postulan de este modo que habiendo solicitado mediante moción una vista *"para dilucidar la veracidad de la querellante en cuanto a quien [sic] fue su patrono",* ello luego de haber alegado en la contestación por ellos presentada que el patrono de la querellante lo fue Servicios Médicos de Carolina, Inc., tal sentencia condenatoria, en ausencia de una adjudicación en los méritos de la controversia por ellos levantada, era improcedente.■ Señalan también sin discutirlo, que el tribunal incidió al no consolidar la reclamación de la querellante con otras reclamaciones independientes, así como que los cómputos para determinar la compensación de la querellante son erróneos, limitándose a afirmar en cuanto a este último extremo que *"no procede el pago de una quincena de trabajo si se paga la mesada",* ■ afirmación que es a todas luces incorrecta. La frivolidad de dichos señalamientos evidencian total desconocimiento del trámite dispuesto para el caso de reclamaciones de salarios por la Ley Núm. 2, *supra.*

## III

Como bien se ha expresado, desde el año 1917 en que se aprobó la Ley Núm. 10 de ese año, que establecía un trámite rápido y sencillo para la tramitación de las reclamaciones de salarios, la política pública en Puerto Rico ha sido clara a los efectos de que tales

reclamaciones se ventilen prontamente mediante un procedimiento sumario y especial. *Informe Sometido al Consejo Sobre la Reforma de la Justicia en Puerto Rico por el Comité Laboral* (30 de septiembre de 1974), pág. 45. Dicha política pública quedó reafirmada mediante la Ley Núm. 2 de 17 de octubre de 1961, la que es fundamentalmente igual a la derogada Ley Núm. 10 de 1917. La enmienda principal introducida por la Ley Núm. 2 consistió en adicionarle varias disposiciones para regir la forma en que habrían de aplicarse las Reglas de Procedimiento Civil relacionadas con el descubrimiento de prueba a dicho trámite. *Dorado Beach Corp. v. Tribunal Superior*, 92 D.P.R. 610, 615 (1965). Quedó así inalterado el propósito y naturaleza de dicho procedimiento, cuya esencia y ·médula es el procesamiento sumario y la rápida disposición de dichas reclamaciones. *Díaz v. Hotel Miramar Corp.*, 103 D.P.R. 314, 316 (1975). En este sentido estimamos importante reafirmar la obligación de los tribunales de darle vigencia al claro mandato legislativo de diligencia y prontitud plasmado en el referido estatuto, *Secretario del Trabajo v. J.C. Penney*, 119 D.P.R. 660 (1987), reconociendo la limitada discreción de los jueces para soslayar la rigurosa aplicación de los términos taxativos que dicha ley dispone para que el patrono conteste la querella. *Mercado Cintrón v. ZETA Communications*, ___ D.P.R. ___ (1994), **94 J.T.S. 50**, a la pág. 11777.

En el caso que nos ocupa ninguna controversia debe existir en cuanto a la procedencia de utilizar la Ley Núm. 2, *supra*, como vehículo procesal apropiado para tramitar judicialmente la reclamación de la querellante, la que se limita a reclamar salarios adeudados, vacaciones regulares y por enfermedad, así como la indemnización correspondiente por su alegado despido injustificado█ No obstante, nos encontramos nuevamente ante el caso tantas veces repetido en que una parte querellada ignora totalmente el esquema procesal especial de la Ley Núm. 2, que en lo pertinente dispone en su sección 3 como sigue:

*"El Secretario del Tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiere comparecido por derecho propio, **dentro de diez (10) días después de la notificación,** si éste se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle. **Solamente a moción de la parte querellada la cual deberá notificarse al abogado de la parte querellante, o a ésta si compareciere por derecho propio, en que se expongan bajo juramento los motivos que para ello tuviere la parte querellada, podrá el Juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar. En ningún otro caso tendrá jurisdicción el Tribunal para conceder esa prórroga".* 32 L.P R.A. §3120. (Enfasis suplido).

Un examen de los autos refleja que los apelantes no sólo incumplieron con el requisito de justificar, mediante una moción debidamente juramentada, la necesidad de prorrogar el término para contestar la querella, sino que no fue hasta el 17 de febrero, es decir, treinta y siete (37) días después de haber sido notificadas de la querella y apercibidas de los términos taxativos prescritos en la Ley Núm. 2, que contestaron la misma. En estas circunstancias y previa moción oportunamente radicada por la querellante a tales efectos, el tribunal de instancia no tenía otra alternativa que dictar sentencia contra los querellados, sin más citarles ni oírles, dando de ese modo virtualidad al expreso mandato de la sección antes citada. En este sentido tanto el segundo señalamiento de error, a saber, que el tribunal incidió al no permitir la consolidación de las reclamaciones presentadas en contra de los querellados█ como el tercero en el que imputan que incidió el tribunal *"al conceder el remedio solicitado cuando la querella no está cobijada por la Ley Núm. 2"*, son totalmente frívolos e inmeritorios. Basta con señalar en cuanto al primero de ellos, que la presentación de una querella por uno o más obreros o empleados *"no impedirá la radicación de otras acciones por o en representación de otros obreros o empleados"*. █ Tampoco estaba el tribunal de

instancia en condición de ordenar o disponer consolidación de la querella presentada por la apelada con otras reclamaciones independientes. En lo que respecta al señalamiento dirigido a argumentar que la Ley Núm. 2 no es vehículo apropiado para tramitar la reclamación de la querellante, basta con remitirnos a lo dispuesto en la sección 1 de la Ley Núm. 2, 32 L.P.R.A. sec 3118, de la que claramente se desprende que la reclamación de la querellante está comprendida dentro del esquema procesal sumario dispuesto por el legislador para la tramitación de reclamaciones de salarios de la naturaleza de las incluidas por la apelada en la querella por ella instada.

Pasando a considerar ahora el señalamiento de error relativo a la imposición de responsabilidad solidaria a los querellados, ninguna duda debe existir con respecto al hecho de que el incumplimiento con el término para contestar la querella coloca a los querellados en rebeldía, con el consiguiente efecto de considerarse aceptados los hechos correctamente alegados en la reclamación. *Continental Insurance Co. v. Isleta Marina,* 106 D.P.R. 809, 815 (1978). En este sentido, vale destacar que la querellante desde un principio alegó claramente que los querellados le eran solidariamente responsables. Estos, por su parte, fueron debidamente emplazados y apercibidos de las consecuencias severas del incumplimiento con su obligación de contestar y exponer sus defensas afirmativas dentro de los diez (10) días siguientes a la notificación de la querella. Al no contestar en tiempo oportuno ni presentar una moción exponiendo bajo juramento los fundamentos justificativos de la prórroga solicitada, los apelantes aceptaron los hechos correctamente alegados y renunciaron a la presentación de la defensa relativa a la inexistencia de responsabilidad solidaria entre ellos con respecto a las sumas adeudadas. Ninguna discreción tenía el tribunal de instancia para acoger tardíamente la defensa presentada a la luz del claro mandato de la Ley Núm. 2. *Mercado Cintrón v. ZETA Communications Inc., supra,* pág. 11774. Tampoco nos encontramos frente a las circunstancias excepcionales que justificarían apartarnos del objetivo primordial de la Ley Núm. 2, que reclama diligencia de las partes y del tribunal en el trámite y disposición de las reclamaciones laborales, para permitir una contestación tardía a la querella. *Román Cruz v. Díaz Rifas,* 113 D.P.R. 500 (1982); *Murphy Lugo v. Atl. So. Insurance Co.,* 91 D.P.R. 335 (1964); *Srio. del Trabajo v. Trib. Superior,* 91 D.P.R. 864 (1965).

Por último y en lo que respecta al cuarto error imputado, a saber, *"[que] cometió error en las cantidades concedidas dado el término de empleo de la querellada",* los querellantes se limitan a señalar en forma conclusiva que *"[n]o procede el pago de una quincena de trabajo si se paga la mesada".* ■ Al así proceder no discuten ni fundamentan tal afirmación, que es a todas luces incorrecta. Limitado nuestro examen a ese único extremo, la frivolidad e incorrección de tal afirmación no amerita comentario adicional fuera de remitir a los apelantes a lo dispuesto en el Artículo 1 de la Ley Núm. 80 de 1976 según enmendado, 29 L.P.R.A. 185(a), que en lo pertinente dispone como sigue:

*"Todo empleado de comercio, industria o cualquier otro negocio o sitio de empleo, ... contratado sin tiempo determinado, que fuere despedido de su cargo sin que haya mediado una justa causa, tendrá derecho a recibir de su patrono en adición al sueldo que hubiere devengado:*

*(a) el sueldo correspondiente por concepto de indemnización;*

*(b) una indemnización progresiva adicional equivalente a una semana por cada año de servicio.*

*Los años de servicio se determinarán sobre la base de todos los períodos de trabajo anteriores acumulados que el empleado haya trabajado para el patrono antes de su cesantía, pero excluyendo aquellos que por razón de despido o separación anterior, le hayan sido compensados o hayan sido objeto de una adjudicación judicial".*

Ahora bien, surge de la sentencia apelada que el tribunal de instancia impuso a la parte querellada el pago de una cantidad igual por concepto de penalidad sobre la cantidad correspondiente a la indemnización por despido injustificado. En cuanto a este particular y aún cuando no fue correctamente discutido por los apelantes, tratándose de un error de derecho, no habremos de limitar nuestra función revisora a la consideración de los errores correctamente discutidos en el recurso de apelación. *Ab Intestato Marini Pabón,* 107 D.P.R. 433 (1978); *Vázquez v. Hospital Presbiteriano, Inc.,* 107 D.P.R. 197 (1978). Como sabemos es principio claro que los tribunales de instancia, al dictar sentencia en rebeldía, vienen obligados a tomar por admitidos solamente los hechos correctamente alegados, debiendo sus conclusiones ajustarse conforme al derecho aplicable. *Continental Insurance v. Isleta Marina,* 106 D.P.R. 809 (1978). Siendo ello así, venía obligado el tribunal de instancia a conceder como única indemnización la que se contempla para un obrero despedido sin justa causa, el provisto por la Ley 80 del 30 de mayo de 1976 (29 L.P.R.A. secs. 185 y s.s.). La misma consiste en el sueldo correspondiente a un mes y la progresiva adicional equivalente a una semana por cada año de servicio. *Rivera v. Security National Life, Ins. Co.,* 106 D.P.R. 517 (1977).

Incidió así dicho foro al imponer a la parte querellada una penalidad adicional consistente en el pago de una cantidad igual a la reclamada por concepto del alegado despido injustificado toda vez que rebasó la aplicación correcta del derecho.

## IV

Por los fundamentos antes expuestos se dicta sentencia modificando la apelada a los únicos fines de suprimir la penalidad impuesta sobre la indemnización correspondiente por concepto del despido injustificado, equivalente al pago de una cantidad adicional igual o la reclamada por tal concepto. Así modificada, confirmamos la misma en sus otros extremos.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 141

1. Véase Querella, Apéndice a la Réplica a Escrito de Apelación pág. 4.

2. Véase Moción de Prórroga, Apéndice de la Réplica a Escrito de Apelación, pág. 16.

3. Véase Sentencia, Apéndice de la Réplica a Escrito de Apelación, pág 2. Apropiado resulta señalar que habida cuenta de que dicha sentencia no fue notificada hasta el 6 de marzo de 1995, el 27 de febrero de 1995 el tribunal de instancia emitió dos órdenes mediante las cuales se negó a aceptar la contestación a la querella tardíamente presentada el 17 de febrero y declarando sin lugar una moción en la que éstos solicitaban la celebración de una vista para dilucidar ciertas alegaciones en torno a la relación obrero patronal. (véase Exhibits 13, 14 y 15, págs. 27 - 31 del Apéndice a la Réplica).

4. Véase Escrito de Apelación, pág. 4.

5. *Id.,* a la pág. 5.

6. La sección 1 de la Ley Núm. 2, 32 L.P.R.A. sec. 3118, dispone en lo pertinente, como sigue:

*"[S]iempre que un obrero o empleado tuviere que reclamar de su patrono cualquier derecho o beneficio, o cualquier suma por concepto de compensación por trabajo o labor realizados para dicho patrono, o por compensación en caso de que dicho obrero o empleado hubiere sido despedido de su empleo sin causa*

*justificada*, *podrá comparecer, a su elección, ante la Sala del Tribunal de Distrito o del Tribunal Superior, según sea el caso, del lugar en que realizó el trabajo o en que resida el obrero o empleado en la fecha de la reclamación y formular contra el patrono una querella en la cual se expresarán por el obrero o empleado los hechos en que se funda la reclamación. [...]"*. 32 L.P.R.A. §3118. (Subrayado nuestro).

**7.** En cuanto a este extremo argumentan los apelantes que en la misma fecha de la radicación de la querella de epígrafe se presentaron contra éstos cuatro (4) querellas adicionales que debieron haber sido consolidadas por el tribunal.

**8.** En lo pertinente dispone el cuarto párrafo de la sección 1 de la Ley Núm. 2, 32 L.P.R.A. sec. 3118 como sigue:

*"[P]odrán acumularse en una misma querella las reclamaciones de todos lo obreros y empleados de un mismo patrono que hubieren dejado de percibir sus derechos, beneficios o salarios devengados en una obra comun; Disponiéndose, que la presentación de una querella por uno o más obreros o empleados, o por el Secretario del Trabajo y Recursos Humanos en representación de ellos, no impedirá la radicación de otras acciones por o en representación de otros obreros o empleados. [...]."*

**9.** Véase Escrito de Apelación, pág. 5.