Arbona Lago, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El 5 de mayo de 1995 el Sr. Angel L. Maldonado H/N/C Tauro Tires presentó "Escrito de Apelación" para que revisáramos la Sentencia que declaró con lugar cierta reclamación de salarios, mediante el mecanismo de la vía sumaria, hecha por el Sr. Ruiz Vélez Otero en su contra. De acuerdo a lo expresado en tal Sentencia, el Sr. Maldonado fue debidamente emplazado, más no radicó contestación, ni alegación alguna contra la querella.
Inconforme con tal dictamen el apelante recurrió ante nos haciendo dos (2) señalamientos de error, a saber:

"1. Erró el Honorable Tribunal al resolver que el querellado, no radicó contestación, ni alegación alguna contra la querella en este caso y dictó sentencia, equivalente a una en rebeldía.

2. Erró el Honorable Tribunal, al resolver el presente caso en base a lo dispuesto en la Ley 2, del 17 de octubre de 1961, y al no considerar el defecto de la citación y el emplazamiento y lo resuelto en el caso de Mercado v. Zeta Communications, Inc. 94 J.T.S. 50."

El 21 de junio de 1995 dictamos Resolución mediante la cual solicitamos a la parte apelada que mostrara causa por la cual no deberíamos dejar sin efecto la Sentencia apelada. Tal orden "la dictamos partiendo de la premisa de que dicha sentencia no tomó en consideración la contestación a la querella, aun cuando la misma obraba en autos para la fecha en que se hizo tal determinación."
El 3 de agosto de 1995 la querellante-apelada compareció mediante "Moción en Cumplimiento de Orden de Mostrar Causa" y convencidos por los argumentos esbozados por ésta, procedemos a confirmar la Sentencia apelada. A tales efectos consignamos a continuación los hechos pertinentes al caso de marras.
I
El 27 de septiembre de 1994 el Secretario del Trabajo de Puerto Rico, en representación de Ruiz Vélez Otero, presentó querella al amparo del procedimiento sumario de reclamación de salarios, Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. see. 3118, et seq., contra Angel Maldonado H/N/C Tauro Tires. En la misma alegó que el querellado contrató y utilizó los servicios del querellante como técnico de radiadores durante el período de marzo de 1992 a agosto de 1992, adeudándole $654.00 en concepto de salarios, vacaciones y diferencia en salario. En virtud de ello y al amparo de la Ley Núm. 96 de 26 de junio de 1956, 29 L.P.R.A. see. 245 et ais. se solicitó como penalidad una suma igual a la adeudada. El 28 de octubre de 1994 se emplazó en la ciudad de Arecibo al querellado y el 4 de noviembre éste, a través de su representante legal, presentó "Moción Solicitando Prórroga", la cual no fue juramentada, y en la que solicitó el término de treinta (30) días "para contestar la querella con suficiente conocimiento de causa". El 15 de noviembre de 1994 el Tribunal concedió la prórroga solicitada y el 23 de noviembre el querellado presentó "Contestación a Querella", la cual sí fue juramentada. Finalmente, el 10 de marzo de 1995 se dictó la Sentencia de la cual se recurre.
II
La see. 3 de la Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. see. 3120 regula la forma en *887 debe tramitarse la notificación al patrono de la radicación de una querella en su contra. Al respecto la ley dispone que:
"El secretario del tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiere comparecido por derecho propio, dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle. Solamente a moción de la parte querellada, la cual deberá notificarse al abogado de la parte querellante o a ésta si compareciere por derecho propio, en que se expongan bajo juramento los motivos que para ello tuviere la parte querellada, podrá el juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar. En ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga." Enfasis Suplido.
El Tribunal Supremo ha tenido amplia oportunidad de expresarse sobre el alcance de las disposiciones que envuelven la solicitud de prórroga dentro del procedimiento sumario de reclamaciones laborales. La norma reiterada dispone que las mismas son de estricto cumplimiento, por lo que todos los tribunales tienen la obligación "de darle vigencia al claro mandato legislativo plasmado en la Ley Núm. 2 de diligencia y prontitud en la tramitación judicial de las reclamaciones laborales. Mercado Cintrón v. ZETA Communications, Inc., 137 D.P.R. (1994), 94 J.T.S. 50.
Si bien es cierto, que en casos como Secretario del Trabajo v. Tribunal Superior, 91 D.P.R. 864 (1965) y Murphy Lugo v. Atlantic Southern Ins. Co., 91 D.P.R. 335 (1964) se han reconocido circunstancias especiales que ameritan cierta flexibilidad en la aplicación de la ley, tales consideraciones en nada varían la norma general. Al respecto, en Díaz v. Hotel Miramar Corp., 103 D.P.R. 314, 319-320 (1975) se aclaró: "[ejn su trayectoria y perspectiva precedencial, tanto el caso de Srio. del Trabajo v. Tribunal Superior, 91 D.P.R. 864 (1965) y Murphy Lugo v. Atl. So. Insurance Co., 91 D.P.R. 335 (1964), no pueden entenderse como que han dejado inoperantes los requisitos de juramentación de prórroga y exposición de causa justificada exigidos en la ley que nos ocupa. Estos requisitos constituyen parte del procedimiento especial cuya finalidad es la pronta solución de las reclamaciones de salarios".
III
Confrontando la norma de derecho a los hechos del caso que nos ocupa vemos como la prórroga presentada el 4 de noviembre de 1994, aun cuando se presentó en tiempo, no cumplió con dos (2) parámetros esenciales de la ley, a saber expresar justa causa para la solicitud de un término adicional y hacerlo bajo juramento. Como apuntáramos al principio de ésta, la moción de prórroga sólo se limitó a señalar, en forma de conclusión, que se solicitaba el termino de treinta (30) días "para contestar la querella con suficiente conocimiento de causa", señalándose que ese mismo día fue que se contactó al abogado que la suscribió. Entendemos sin embargo, que esta no es alegación suficiente sobre todo cuando atendemos los méritos de la querella, la cual sólo cubre una reclamación dentro de un período de seis (6) meses, por lo que no se trata información de difícil acceso, máxime tratándose de una moción que tampoco estaba juramentada. Cuando Instancia concedió la prórroga, carecía ya de autoridad en ley para así hacerlo, toda vez que la referida sección dispone taxativamente cómo y cuándo se puede prorrogar el término de diez días y expresamente ordena que "en ningún otro caso tendrá jurisdicción el Tribunal para conceder esa prorroga". Se trata de un mandato legislativo que de ordinario no está sujeto a la discreción de los tribunales, Mercado Cintrón, supra y esta causa no presenta circunstancias particulares que en aras del debido proceso de ley ameriten variación.
En vista de lo anterior el Tribunal de Instancia no erró al dictar Sentencia, tal cual si no obrara en autos contestación a la querella. El error señalado no fue cometido.
En lo que respecta al segundo señalamiento de error el apelante plantea que la Orden de Citación y Emplazamiento no llama la atención al hecho de que la solicitud de prórroga debe ser juramentada y que por esta razón se presentó la misma sin cumplir con tal requisito.
Este argumento es uno al que no le podemos dar validez, pues el requisito de juramentación es uno que emana del propio texto del estatuto y por lo tanto ello es suficiente aviso para su fiel *888 cumplimiento. Esto es así, y si de ordinario el desconocimiento de la ley no excusa de su cumplimiento aun tratándose de un lego, cuanto más en el caso de marras donde el querellado-apelante estuvo representado por su abogado, quien es perito en derecho. El segundo error tampoco fue cometido, se trata de una disposición que atañe al modo y no al término para alegar. El primero se arraiga en el debido proceso y el segundo en la práctica de la profesión.
En vista de lo anteriormente expuesto se confirma la Sentencia apelada.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General