TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nos Aníbal Quintana Montalvo, en adelante, el querellante, solicitando la revisión de una Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce. Mediante dicho dictamen, el tribunal a quo declaró Con Lugar una prórroga para contestar la querella incoada.
Por los fundamentos que expondremos a continuación, se expide el auto solicitado y se revoca el dictamen del Tribunal de Primera Instancia.
*798 I
Conforme surge del recurso ante nuestra consideración, el 10 de mayo de 2002, el querellante interpuso querella contra Copy Color, Inc, en adelante, el querellado, bajo el procedimiento sumario establecido en la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 L.P.R.A. see. 3118, et seq. En dicho escrito, se alegó despido injustificado en virtud de la Ley Núm. 80 de 30 de mayo de 1978, según enmendada, 29 L.P.R.A. see. 185(a), et seq.
El emplazamiento fue expedido por la Secretaría del Tribunal de Primera Instancia el 18 de julio de 2002, siendo diligenciado el 6 de agosto de 2002. Así las cosas, el querellado, conforme dispone la Ley Núm. 2, supra, tenía hasta el viernes, 16 de agosto de 2002 para contestar la querella.
El 9 de agosto de 2002, el querellado presentó ante el Tribunal de Primera Instancia una “Moción de Prórroga para Alegar”. A su vez, el 19 de agosto de 2002, el querellado presentó su “Contestación a la Querella”. El 23 de agosto de 2002, el querellante presentó “Oposición a la Prórroga; a la Contestación de Querella y Solicitud de Sentencia en Rebeldía”. En este escrito, el querellante adujo, entre otros extremos, que la solicitud de prórroga presentada no había sido juramentada.
Así las cosas, el 26 de agosto de 2002, el querellado presentó una “Moción Urgente en Solicitud de Remedio”. Se señaló en dicho escrito:

“1...

5.- Sin embargo la aquí compareciente, por error omitió acompañar a dicha prórroga la declaración jurada que requiere la Ley Núm. 2, presentando la contestación a la misma el 23 de agosto de 2002 a sólo varios días de la expiración del término. Se acompaña copia de dicha contestación.

6. Que dicha prórroga fue solicitada por razón de que la abogada suscribiente por error traspapeló los documentos pertinentes al caso de epígrafe los cuales eran necesarios para contestar la querella de forma responsable y más completa, tal y como se alegó en la prórroga antes mencionada.

[[Image here]]
Que no obstante la omisión del juramento, la parte aquí compareciente en su moción de prórroga, específicamente en el párrafo (2) dos alegó lo siguiente:

“La parte aquí compareciente necesita un término adicional para analizar las alegaciones y formular su respuesta de manera responsable.

10. Que para todos los efectos y en aras de conseguir un resultado justo en este caso se debe aceptar esta moción juramentada como un documento complementario de la prórroga presentada o en su defecto que se considere la moción de prórroga como la una [sic] contestación a la querella presentada por la parte querellante. ”

El 29 de agosto de 2002, el querellante presentó réplica al escrito presentado por el querellado.
Luego de varios trámites, el 23 de septiembre de 2002, notificada el 30 de septiembre de 2002, el Tribunal de Primera Instancia aceptó la contestación a la querella presentada el 26 de agosto de 2002. Señaló dicho foro:

“Se declara sin lugar solicitudes del querellante de que se deniegue prórroga y se dicte sentencia en rebeldía. La controversia está babada [sic], se acepta contestación a la querella presentada el 26 de agosto de 
*799
2002.”

Insatisfecho con dicha determinación, el querellante presentó reconsideración, la cual fue denegada el 3 de octubre de 2002, notificada el 11 de octubre de 2002.
Inconforme, el querellante recurre a este Tribunal el 31 de octubre de 2002. El 6 de noviembre de 2002, el querellado compareció. Procedemos a resolver.
II
En su recurso, el querellante plantea que incidió el Tribunal de Primera Instancia al declarar improcedente la Sentencia en rebeldía, declarar con lugar la prórroga para contestar la querella, y al aceptar una contestación tardía.
III
La Ley Núm. 2, supra, establece un procedimiento sumario para las reclamaciones laborales. La esencia de dicho procedimiento es proveer un mecanismo procesal judicial que logre la rápida consideración y adjudicación de las querellas presentadas por los obreros y trabajadores, principalmente en casos de reclamaciones salariales y beneficios. Ruiz v. Col. San Agustín, 152 D.P.R. _ (2000); 2000 J.T.S. 159; Dávila, Rivera v. Antilles Shipping, Inc., 147 D.P.R. 483 (1999); Santiago v. Palmas del Mar Properties, Inc., 143 D.P.R. 886 (1997); Rivera v. Insular Wire Products, Corp., 140 D.P.R. 912 (1996); Díaz v. Hotel Miramar Corp., 103 D.P.R. 314 (1975).
Tanto la Exposición de Motivos como el historial legislativo de la Ley Núm. 2, supra, destacan, con carácter especial, la naturaleza sumaria del proceso y establecen que el propósito del estatuto es facilitar la rapidez y celeridad de la resolución de las reclamaciones, propósito al que los tribunales deben dar estricto cumplimiento. La naturaleza de este tipo de reclamación exige celeridad en su trámite para así alcanzar los propósitos legislativos de proteger el empleo, desalentar el despido sin justa causa y proveer al obrero así despedido recursos económicos entre un empleo y otro. Ruiz v. Col. San Agustín, supra; Dávila, Rivera v. Antilles Shipping, Inc., supra; Santiago v. Palmas del Mar Properties, Inc., supra; Rivera v. Insular Wire Products, Corp., supra.
En vista de su carácter reparador, el estatuto debe ser interpretado liberalmente a favor del empleado. Piñero v. A.A.A., 146 D.P.R. 890 (1998).
El Tribunal Supremo de Puerto Rico ha sido insistente en señalar la importancia de respetar la naturaleza sumaria de este procedimiento de reclamación de salarios y no permitir que las partes desvirtúen dicho carácter especial y sumario. En ese sentido, se ha expresado a los efectos de que:
“La esencia y médula del trámite fijado para casos sobre reclamaciones de salarios consagrado en la Ley Núm. 2 del 17 de octubre de 1961, según enmendada, constituye el procesamiento sumario y su rápida disposición. Desprovisto de esta característica, resulta un procedimiento ordinario más, en el cual la adjudicación final que oportunamente recaiga, resulta incompatible con alcanzar, en su máxima expresión, el mandato legislativo de diligencia en el dictamen judicial.” (Enfasis suplido.)

Díaz v. Hotel Miramar Corp., supra.

En aras de lograr sus propósitos legislativos, el estatuto dispone un trámite procesal que, permitiéndole al. patrono vindicar sus derechos, es más oneroso para éste. Ruiz v. Col. San Agustín, supra. A tales efectos, la ley dispone términos cortos para contestar la querella, criterios estrictos para conceder una prórroga para contestar la querella, limitaciones sobre el uso de mecanismos sobre descubrimiento de pmeba, entre otros. Id.
Acorde con el propósito señalado, la See. 3 de la Ley Núm. 2, supra, establece el término y la forma que tiene *800 el patrono para contestar una querella. Dicho articulado reza en lo pertinente:

“El secretario del tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiera comparecido por derecho propio, dentro de diez (10) días después de la notificación, si ésta si hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle. Solamente a moción de la parte querellada, la cual deberá notificarse al abogado de la parte querellante o a ésta si compareciera por derecho propio, en que se expongan bajo juramento los motivos que para ello tuviere la parte querellada, podrá el juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar.

En ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga.

[[Image here]]
32 L.P.R.A. see. 3120.
Podemos colegir del precepto legal arriba citado y de la doctrina vigente que el patrono tiene dos cursos de acción cuando se le presenta una querella al amparo de la Ley Núm. 2, supra. En primer lugar, puede, dentro del término dispuesto en la See. 3, contestar la querella. Dicho término, cuando la notificación se hace en el mismo distrito judicial en que se promueve la acción, es de diez (10) días.
En la alternativa, en ciertos casos, el patrono puede presentar dentro del plazo provisto una prórroga juramentada, que muestre justa causa, notificándole a su vez al querellante. De lo contrario, el tribunal carecerá de jurisdicción para conceder la prórroga solicitada.
De lo anterior, se desprende claramente que el incumplimiento con los términos para contestar una querella exige que el tribunal conceda el remedio solicitado por el obrero, a menos que dentro de dicho término el patrono presente una solicitud de prórroga juramentada en la que exponga los hechos que la justifican. Valentín v. Housing Promoters, 146 D.P.R. 712 (1998).
Ahora bien, esto no quiere decir que no existan casos excepcionales que ameriten un trato distinto en los cuales pueda admitirse la presentación tardía de una contestación. Valentín v. Housing Promoters, Inc., supra, a 1a pág. 141; Román Cruz v. Díaz Rifas, 113 D.P.R. 500, 507 (1982). Sin embargo, el hecho de que en ocasiones las circunstancias especiales de algún caso particular requieran alguna flexibilidad en la aplicación de la Ley Núm. 2, supra, según ha reconocido el Tribunal Supremo, de ningún modo da carta blanca a los tribunales para soslayar en cualquier caso el inequívoco y mandatorio precepto de rapidez en el trámite judicial estatuido en dicha ley. Mercado v. Zeta Communications, supra. De ordinario, los tribunales no tenemos otra alternativa que no sea la rigurosa aplicación de los términos taxativos de la Ley Núm. 2, supra. Id. Sólo en casos excepcionales, cuando median circunstancias especiales, podemos ser más flexibles. Id.
La letra de la ley es clara en apercibir a la parte querellada que, de no contestar dentro del término aplicable en el estatuto, se podrá dictar sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle.
IV
Procedamos analizar la controversia ante nos a la luz de la normativa reseñada.
El querellante nos plantea que las excusas que presentó el querellado no son las “circunstancias especialísimas fuera del control de los abogados y las partes” que establece la jurisprudencia para aceptar la *801 contestación a la querella fuera del término estatuido por la ley. Asimismo, argumenta que, haber presentado la prórroga sin juramentar, priva al tribunal a quo de jurisdicción. Por último, arguye que el foro de instancia, en su Resolución, señaló que la controversia en el caso de autos estaba trabada, aceptando la contestación a la querella emitida el 23 de agosto de 2002. Colige de lo anterior que el Tribunal de Primera Instancia acogió la solicitud de prórroga como una contestación a la querella descansando su determinación en el caso de Srio. del Trabajo v. Tribunal Superior, 91 D.P.R. 864 (1965). Entiende que dicha decisión es un enfoque particular y estrecho a la situación de hechos presentada en ese caso.
Observamos que en el caso de autos el querellado tenía hasta el viernes, 16 de agosto de 2002, para contestar la querella incoada. El 9 de agosto de 2002, presentó solicitud de prórroga, la cual no fue juramentada. Surge de dicho escrito lo siguiente:
[[Image here]]

2.- La parte querellante presenta una serie de alegaciones que no se ajustan a los hechos reales. La parte aquí compareciente rechaza que haya habido un despido constructivo o injustificado.

3.- La parte aquí compareciente necesita un término adicional para analizar las alegaciones y formular su respuesta de manera responsable. ”

En la situación de marras, no existe controversia que el querellado no presentó oportunamente su contestación a la querella. Lo que presentó, de manera oportuna, fue una solicitud de prórroga no juramentada. A fin de justificar dicha omisión, presentó escrito intitulado “Moción de Prórroga” alegando que medió error de su parte. Asimismo, y conforme reseñamos anteriormente, planteó que solicitó la prórroga porque “la abogada suscribiente por error traspapeló los documentos pertinentes al caso de epígrafe los cuales eran necesarios para contestar la querella deforma responsable”.
Una lectura de la Resolución recurrida nos lleva a deducir que el tribunal a quo entendió que, dentro de su discreción, aceptaba la contestación emitida, toda vez que la controversia estaba trabada.
Sin embargo, a la luz del ordenamiento jurídico prevaleciente, nada surge del expediente que nos mueva a confirmar al Tribunal de Primera Instancia en su determinación. El caso de autos no es uno de los casos excepcionales en que se justifica flexibilizar la aplicación de la Ley Núm. 2, supra. En su consecuencia, y conforme a dicha Ley, si el querellado no contesta la reclamación en el término prescrito o si en dicho tiempo no solicita una prórroga, mediante la presentación dé una moción jurada que exponga una causa justificada para ello, un tribunal deberá dictar sentencia en su contra concediendo el remedio solicitado.
Por otro lado, en relación con la falta de juramentación de la moción de prórroga, el Tribunal Supremo en Ruiz Rivas v. Colegio San Agustín, supra, a la pág. 214, resolvió que el tribunal de instancia había incidido al haber aceptado la contestación a la querella, a pesar de que habían transcurrido más de los diez (10) días establecidos por ley para contestar la querella; sin que la parte querellada hubiese presentado previamente una moción de prórroga, debidamente notificada al querellante, y no exponer “bajo juramento los motivos que justificaban su dilación, como expresamente lo requiere la Ley Núm. 2... ”.
Por otro lado, examinada la moción de prórroga al amparo de la jurisprudencia antes reseñada, observamos que en la misma no se expusieron motivos que constituyeran justa causa y que nos permitieran acceder a lo solicitado por el querellado. Aun cuando entendamos que fue una omisión de parte de la representante legal del querellado, somos de opinión que esta razón no es una de las situaciones de excepción que reconoce el Tribunal Supremo. Situaciones de inadvertencia de los abogados de una parte no deben ser consideradas dentro del marco de situaciones de excepción.
*802 Por otro lado, conforme se colige del trámite del caso, el Tribunal de Primera Instancia adoptó lo señalado en la “Moción de Prórroga” de que “la querella no se ajusta a los hechos reales y rechaza de que habido un despido constructivo o injustificado” como la contestación a la querella.
En Srio. del Trabajo v. Tribunal Superior, supra, el Tribunal Supremo sostuvo la discreción de un tribunal de instancia que dejó sin efecto una sentencia en rebeldía dictada contra un patrono por no jurar su moción de prórroga, basándose en que en la moción de prórroga se alegó que la reclamación ya había sido resuelta por una agencia administrativa, lo que equivalía a una negación de los hechos.
Si bien es cierto que el Tribunal Supremo en dicho caso reconoció circunstancias especiales que ameritan cierta flexibilidad en la aplicación de la ley, tales consideraciones en nada varían la norma general. Al respecto, en Díaz v. Hotel Miramar Corp., supra, a las págs. 319-320, se aclaró: “[e]n su trayectoria y perspectiva precedencial, tanto el caso de Srio. del Trabajo v. Tribunal Superior, 91 D.P.R. 864 (1965) y Murphy Lugo v. Atl. So. Insurance Co., 91 D.P.R. 335 (1964), no pueden entenderse como que han dejado inoperantes los requisitos de juramentación de prórroga y exposición de causa justificada exigidos en la ley que nos ocupa. Estos requisitos constituyen parte del procedimiento especial cuya finalidad es la pronta solución de las reclamaciones de salarios”.
No podemos avalar la contención de que la solicitud de prórroga presentada constituyó una alegación responsiva a la querella, es decir, su contestación a la querella. Tampoco podemos avalar que mediante la referida solicitud se trabó una controversia cuando de dicho escrito se desprende que se adujo como causa para la prórroga que tenía “que analizar las alegaciones y formular su respuesta de manera responsable para poder contestar la querella”. Asimismo, lo planteado por el querellado de que la querella “no se ajusta a los hechos reales” no puede considerarse como una negación de los hechos expuestos en la querella que tuviera el efecto de dejar trabada la controversia entre las partes.
En conclusión, el caso de Srio. del Trabajo v. Tribunal Superior, supra, citado por el querellado, en apoyo a su contención, es claramente distinguible de los hechos del caso ante nuestra consideración.
Y
Por los fundamentos expresados anteriormente, se expide el auto solicitado y se dicta sentencia en rebeldía. Remitimos el expediente al Tribunal de Primera Instancia para los procedimientos acordes con esta Sentencia.
Así lo acordó y manda el Tribunal y lo certifica la Señora Secretaria General.
Aida Ileana Oquendo Graulau Secretaria General