AB INTESTATO de REINALDO MARINI PABÓN, *Ex parte*, LILLIAN NEGRÓN CINTRÓN, peticionaria y recurrente.

*Número:* R-77-156 *Resuelto:* 31 de mayo de 1978

*Enrique Báez García*, abogado de Lillian Negrón Cintrón, peticionaria y recurrente; *Amador Ramírez Silva* y *Alfredo Archilla Guenard*, abogados de Luis Oscar Marini, albacea de la Sucesión Marini Pabón; *Víctor Sánchez Fernández*, abogado de los legatarios en la Sucesión Marini Pabón.

PER CURIAM: El causante Reinaldo Marini Pabón otorgó testamento abierto, siendo soltero, por escritura número 36 de 3 de junio de 1965 ante el Notario Enrique Báez García. En 17 de diciembre de 1966 contrajo nupcias con la peticionaria-recurrente Lillian Negrón Cintrón, con quien estuvo casado hasta el día de su muerte en 13 de junio de 1975. El

testamento otorgado antes de su matrimonio no fue revocado ni modificado por el testador.

En el testamento mencionado instituyó como sus únicos y universales herederos a su hermana de doble vínculo Georgina Marini Pabón en la mitad de todos los bienes (y en caso de su muerte a la hija de ésta Georgina Ramos Marini), y en la otra mitad a sus cinco sobrinos hijos de Luis Enrique Marini Pabón por partes iguales (y en caso de la muerte de alguno de éstos a sus descendientes respectivos).

Dispuso además en el testamento que los bienes que constituyen su herencia "deberán permanecer en fideicomiso" por un término de veinte (20) años, a contar de la fecha de su fallecimiento y designó fiduciario a la institución bancaria The First National City Bank of New York. Los frutos del fideicomiso serían distribuidos, luego de cubrir gastos, en la forma siguiente: la mitad a su hermana Georgina Marini Pabón (y en caso de muerte a la hija de ésta Georgina Ramos Marini), y la otra mitad a sus cinco sobrinos mencionados precedentemente y en caso de muerte a los descendientes de aquéllos.

Designó Albacea Testamentario al coheredero Luis Oscar Marini "a los efectos de atender a las disposiciones relacionadas con los funerales y hasta que el fiduciario se incaute de los bienes fideicomitidos" con relevación de fianza instruyéndole poner en conocimiento inmediato del fiduciario el hecho de su muerte para que aquél pueda tomar posesión de los bienes en fideicomiso.

Una de las condiciones del fideicomiso testamentario fue al efecto de que dentro de los sesenta días siguientes a su fallecimiento el fiduciario habría de notificar la defunción al Secretario de Hacienda a los efectos del pago de la contribución de herencia, y facultando al fiduciario para el pago de dicha contribución "y para recuperar la cantidad que invierta en dicho pago podrá retener las rentas de las propiedades hasta cobrarse la cantidad pagada con los intereses y gastos."

Surge del recurso instado ante nos que el coheredero Luis Oscar Marini que fue designado Albacea Testamentario por el causante obtuvo las correspondientes Cartas Testamentarias del tribunal de instancia sin que haya gestionado la colocación de los bienes hereditarios en el fideicomiso constituido por el testador en su testamento; surge además que dicho Albacea ha satisfecho gran parte de la contribución adeudada, y que ha efectuado varios actos de administración con respecto al caudal.

La viuda del causante compareció ante el tribunal de instancia alegando en sustancia que durante el matrimonio con el causante adquirieron bienes gananciales que se encuentran en posesión del Albacea, que las propiedades ya han sido valoradas por el Albacea a los fines de la contribución sobre herencia, que le ha sido vedada la administración de dichos bienes, que tiene derecho a recibir la cuota usufructuaria sobre los bienes privativos del causante, que el Albacea no ha gestionado la instrumentación del fideicomiso testamentario, que los bienes privativos del causante y los gananciales de ambos están mezclados y que deben separarse a los fines de la constitución del fideicomiso, y que no desea permanecer en indivisión forzosa de los bienes. Por los fundamentos expresados la viuda solicita se decrete la Administración Judicial de los bienes que constituyen la herencia, a los fines de que pueda recibir la participación que le corresponde por concepto de herencia y cualquier otro derecho que le corresponda por ley.

El Albacea y coheredero Luis Oscar Marini en oposición a la solicitud de la viuda admitió que está administrando los bienes de la herencia; que aún no se ha liquidado el importe de la contribución sobre herencia; que aún no ha podido determinarse con exactitud el valor de la participación ganancial; que la viuda puede intervenir cuando estime necesario en la forma y manera como se están administrando los bienes; que el fideicomiso testamentario es inexistente porque el banco fiduciario rehusó aceptar la designación como tal; que

el fideicomiso quedó inoperante como consecuencia del derecho de la viuda como heredera forzosa, y que el Albacea es el único autorizado para pedir la Administración Judicial.

Ante la oposición de los herederos testamentarios a que se decrete la Administración Judicial el tribunal de instancia declaró sin lugar la petición de la viuda. Expresó el tribunal que el albacea está cumpliendo con toda normalidad con su función de administrar los bienes y observó que el albacea radicó con prontitud un inventario detallado de los bienes; citó a los posibles vendedores y comenzó a pagar las deudas de la herencia; inició el trámite para liquidar la contribución sobre herencia y pagó la contribución estimada; ha cobrado las rentas y ha rendido con puntualidad las cuentas trimestrales de su gestión. En cuanto al fideicomiso el tribunal de instancia entiende que en el supuesto de que el banco fiduciario esté dispuesto a aceptar su designación como tal, sería imposible llevarlo a efecto, por impedirlo el matrimonio contraído por el testador con posterioridad a la disposición testamentaria, con las consecuencias que ello implica que no permite dejar en indivisión por 20 años bajo el fideicomiso los bienes gananciales de la viuda. El tribunal recurrido entiende que la viuda tiene derecho a una pronta división de la herencia para recibir su participación ganancial y su derecho a usufructo.

La viuda del causante recurre ante nos señalando como errores:

(1) el permitir que el Albacea impugne el testamento del causante por ser ello contrario a lo consignado en 31 L.P.R.A. sec. 2521 que impone al Albacea la obligación de vigilar sobre la ejecución de todo lo ordenado en el testamento, y sostener, siendo justo, su validez en juicio y fuera de él.

(2) el resolver que la existencia del Albacea impide la designación de un Administrador Judicial a pesar de que el causante no facultó a aquél para administrar los bienes de la herencia.

(3) el resolver que la no aceptación del fiduciario extingue el fideicomiso.

(4) el resolver que el matrimonio posterior del testador y la mezcla de los bienes gananciales con los privativos del causante convierte el fideicomiso en inoperante.

(5) al declarar sin lugar la petición de Administración Judicial.

■ El primer error relativo a la obligación del Albacea para sostener la validez del testamento en lo que respecta al fideicomiso resulta ser prematuro en esta etapa por cuanto aún no se ha determinado cuáles son los bienes del causante que habrán de ser entregados al fiduciario. El encargo hecho por el testador al Albacea de hacer entrega de los bienes de la herencia del testador al fiduciario no será posible hasta tanto se haya efectuado la liquidación de la sociedad de gananciales—31 L.P.R.A. secs. 3691–3700—lo cual no fue previsto por el testador al hacer su testamento, y se haya determinado la cuantía del usufructo viudal y la forma en que habrá de satisfacerse. 31 L.P.R.A. secs. 2414, 2415.

■ El segundo y quinto error sobre la denegatoria de la administración judicial pueden discutirse conjuntamente. No se cometieron. El tribunal de instancia ponderó con buen juicio las actuaciones del Albacea y concluyó que éste había actuado con la corrección y cuidado que exige la ley. Aunque el testador no le confirió facultades de administración, ya que sus funciones están limitadas, dadas las circunstancias existentes que no eran previsibles en la fecha del otorgamiento del testamento, y estando aún pendiente de entrega los bienes que finalmente estarán comprendidos en el fideicomiso, el Albacea tiene aquellas facultades que podrían llamarse secundarias o instrumentales, que sean necesarias para el ejercicio de las otorgadas por el testador o para su normal utilización, entre las que se encuentran: la de vigilar sobre la efectividad de las facultades que el testador le concedió en el testimonio y sostener siendo justo, la validez del

deseo del testador en juicio y fuera de él, a los fines de que pueda llevar a cabo su cometido y la facultad adicional de tomar las precauciones necesarias para la conservación y custodia de los bienes con intervención de los herederos presentes, hasta el momento que la herencia del causante sea entregada al fiduciario. 31 L.P.R.A. sec. 2521; véanse *Paine* v. *Srio. de Hacienda*, 85 D.P.R. 817 (1962); *Mercado* v. *Mercado*, 66 D.P.R. 811 (1947); Albaladejo, *El Albaceazgo en el Derecho Español*, 1969, pág. 242.

El tercer error que envuelve la extinción del fideicomiso por la no aceptación del fiduciario es también académico por prematuro. Llegado el momento deberá determinarse a la luz de lo dispuesto por los Arts. 849 y 860 del Código Civil—31 L.P.R.A. secs. 2556, 2567—si al no designar el fideicomitente un sustituto del fiduciario al constituir el fideicomiso, y el fiduciario designado repudiare el encargo, si puede un tribunal designar un sustituto a petición de los fideicomisarios o del fiscal en los casos que requieran su intervención. Por otro lado, habría que considerar si por convenio expreso y personal de todas las partes puede extinguirse prematuramente el fideicomiso. 31 L.P.R.A. sec. 2559(8). Y, en un caso como el de autos en que existen beneficiarios contingentes e indeterminados si su consentimiento es necesario. Véase al respecto, Sánchez Vilella, *El Fideicomiso Puertorriqueño III*, 37 Rev. C. Abo. P.R. 417, 441.

El cuarto error relativo al efecto del matrimonio posterior del causante sobre el fideicomiso también resulta ser académico por razón de que la viuda no tiene derechos que provengan de la creación del fideicomiso. Sus derechos son anteriores a éste, pues es necesario liquidar su participación en los bienes gananciales así como su cuota viudal usufructuaria con antelación a la efectividad del fideicomiso.

Como sabemos este Tribunal no tiene que limitarse a la consideración de los errores señalados. Es nuestra obligación velar porque se haga justicia a aquel que de acuerdo

con el más sano criterio del juzgador tiene derecho a ella. *Piovanetti* v. *Vivaldi*, 80 D.P.R. 108 (1957). Y en ese espíritu también podemos entender en todos los hechos y trámites en la causa tal y como aparecieren en autos, considerando en igual forma sus méritos para la mejor administración de justicia y del derecho y evitar injusticias y demoras. 4 L.P.R.A. sec. 36; véase *Dávila* v. *Valdejully*, 84 D.P.R. 101, 104 (1961).

■ Ya en nuestra orden de mostrar causa dirigida a las partes convinimos con el Tribunal Superior, Sala de Mayagüez, en que no se señalaban las condiciones que justificarían la administración judicial de los bienes. 31 L.P.R.A. sec. 2878; 32 L.P.R.A. secs. 2361–2372. Y señalamos que habida cuenta de que el Albacea que estuviere en posesión de todo el caudal y hubiere satisfecho o tuviere en su poder bienes bastantes para satisfacer las deudas y gastos de la administración, debe pedir al tribunal el nombramiento de un contador para practicar la división de la herencia, si el testador no lo hubiere designado. 32 L.P.R.A. secs. 2621–2626.

En vista de que han transcurrido tres años desde la muerte del testador sin que haya un leve asomo en el expediente de que habrá una pronta determinación de los derechos que a la viuda del causante corresponden en la herencia es imperativo que se proceda al nombramiento de un contador partidor que efectúe la liquidación de la sociedad de gananciales constituida por el testador y la recurrente Lillian Negrón Cintrón, así como la determinación de lo que a ella corresponda por su cuota viudal usufructuaria.

*Se devolverá el caso al Tribunal Superior, Sala de Mayagüez, para que continúen los procedimientos conforme lo expuesto precedentemente.*

El Juez Asociado Señor Torres Rigual no intervino.