EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Guillermo Tous Rodríguez<br><br>Recurrido<br><br>V.<br><br>Sucesión Guillermo Tous Oliver, compuesta por Vivian María Tous Rodríguez y otros<br><br>Peticionarios | Certiorari<br><br>2023 TSPR 106<br><br>212 DPR ___ |

Número del Caso: CC-2022-0669

Fecha: 1ro de septiembre de 2023

Tribunal de Apelaciones:

    Panel Especial

Abogados de la parte peticionaria:

    Lcda. Ana Cristina Gómez Pérez
    Lcdo. Ramón L. Rosario Cortés
    Lcdo. Miguel A. Rodríguez Ramos

Abogado de la parte recurrida:

    Lcdo. Mariano Vidal Saenz

Materia: Derecho de Sucesiones – Duplicidad de funciones entre un comisionado especial y un contador partidor ya designado por la albacea de la Sucesión.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Guillermo Tous Rodríguez

     Recurrido

        v.

                            CC-2022-0669

Sucesión Guillermo Tous Oliver,
compuesta por Vivian María Tous
Rodríguez y otros

     Peticionarios

La Jueza Presidenta Oronoz Rodríguez emitió la Opinión del Tribunal.

En San Juan, Puerto Rico, a 1 de septiembre de 2023.

Nos corresponde determinar si el Tribunal de Apelaciones erró al confirmar una determinación del Tribunal de Primera Instancia mediante la cual se designó a un comisionado especial para la Sucesión del Sr. Guillermo Tous Oliver (Sucesión), a solicitud de un heredero, a pesar de que la albacea de la Sucesión ya había nombrado a un contador partidor. Debido a las facultades otorgadas mediante testamento abierto a la albacea de la Sucesión, la duplicidad de funciones entre el comisionado especial y el contador partidor ya designado, así como la falta de justificación por parte del foro primario sobre las alegadas complejidades que ameritaban tal designación, determinamos que sí erró.

En consecuencia, revocamos a los foros recurridos.

## I.

El 13 de mayo de 2019 el Sr. Guillermo Tous Rodríguez (señor Tous Rodríguez o recurrido) presentó una *Demanda sobre Liquidación y Partición de Herencia* en contra de la Sucesión en la cual solicitó la partición de la herencia. El señor Tous Rodríguez es hijo y heredero del Sr. Guillermo Tous Oliver (causante) junto con su hermana, la Sra. Vivian Tous Rodríguez (señora Tous Rodríguez o peticionaria). La señora Tous Rodríguez contestó la demanda y adujo que la voluntad del causante, su padre, fue instituirla como su única heredera universal y dejarle al señor Tous Rodríguez la mitad del tercio de la legítima estricta, en calidad de legatario.

El causante falleció el 14 de octubre del 2017, testado en virtud de la Escritura Núm. 4 sobre *Testamento Abierto y Constitución de Fideicomiso Post-Mortem* del 15 de diciembre de 2014 (Escritura Núm. 4 de 2014), otorgada en San Juan, Puerto Rico, ante el Notario Gustavo Torres Viera. En el testamento, el causante designó a la señora Tous Rodríguez como albacea testamentaria y al Lcdo. Juan José Forastieri Maldonado (licenciado Forastieri Maldonado) como albacea sustituto, y estableció un término de tres (3) años para que el albacea realizara su encargo, el cual era prorrogable por dos (2) años más si fuese necesario a juicio de la albacea. Entre las múltiples facultades que le confirió a la albacea en el testamento, puntualizamos las siguientes:

    (a)    Para que administre sus bienes, cobre acreencias y pague deudas;

    (b)    Para que disponga de los bienes necesarios para obtener dinero líquido con que pagar las deudas del caudal hereditario;

    (c)    Para que levante fondos y garantice sus obligaciones en la forma en que estime conveniente;

[. . . . . . . .]

    (f)    Para que pueda abrir cuentas bancarias, retirar fondos del caudal hereditario en instituciones financieras, hacer depósitos, expedir cheques, giros, pagarés al portador o personales, letras de cambio, acciones, bonos o cualquier otro valor, invertir fondos de la herencia, renovar inversiones, cobrar créditos, recibir pagos, firmar contratos y demás documentos relacionados con la testamentaría, comparecer a los Tribunales y foros administrativos del país, gobierno federal y del extranjero en todo asunto relacionado con los bienes de la herencia; todo ello sin obligar a la herencia por un término que rebase su nombramiento, excepto por el término prorrogable o que los herederos acuerdan términos más extensos.

[. . . . . . . .]

    (j)    En su condición de Albacea **tendrá, en fin, todas las facultades que le confiere la Ley y todas las que legalmente sean necesarias y legítimas para cumplir con la voluntad del Testador y poner la herencia en condiciones de ser partida y adjudicada** a los beneficiarios aquí designados en el menor plazo.[1]

Con relación al contador partidor, el causante delegó esta encomienda al licenciado Forastieri Maldonado. Entre las tareas expresas que le asignó se encontraban las de: (1) preparar un cuaderno particional; (2) realizar la partición a los fines de determinar el caudal relicto;

---

[1] Apéndice del *certiorari,* pág. 750(Énfasis suplido).

(3) determinar a cuánto asciende la legítima global, así como la individual; (4) asegurarse de que los herederos se abonen recíprocamente las rentas y los frutos de los bienes del caudal, entre otros, y (5) realizar todas las gestiones necesarias para la culminación de su labor de partir la herencia del causante y adjudicarla a los herederos.[2] Finalmente, estableció que el contador partidor sería remunerado a razón de $150 por toda hora facturada y evidenciada por escrito. No obstante, ante el fallecimiento del causante, el licenciado Forastieri Maldonado rechazó tomar la encomienda que se le había delegado como contador partidor de la Sucesión.

Ante la necesidad de obtener un contador partidor, la señora Tous Rodríguez, al amparo de sus facultades como albacea, designó al contador público autorizado y abogado, el Lcdo. Edgardo Javier Areizaga Soto, como contador partidor de los bienes del causante.[3] El licenciado Areizaga Soto aceptó la designación y desde el 28 de agosto de 2019 funge como Contador Partidor de la Sucesión Tous Oliver.

El 24 de enero del 2020 el recurrido presentó una *Moción para Solicitar Enmienda a la Demanda, y en Solicitud de Nombramiento de un Administrador Judicial*. Pertinente a la

---

[2] *Íb.*

[3] Cabe resaltar que el licenciado Areizaga Soto también funge como Contador Partidor en la Sucesión de la Sra. Vivian María Rodríguez Kohly, esposa del causante por más de 50 años. Este fue designado por el señor Tous Oliver (recurrido), quien la señora Rodríguez Kohly designó como su albacea mediante testamento abierto. El licenciado Areizaga Soto preparó con el causante en vida un inventario de los bienes de la Sucesión Rodríguez Kohly el cual fue aprobado mediante *Resolución Nunc Pro Tunc* de 8 de septiembre de 2016. Apéndice del *certiorari,* págs. 750, 786-803.

controversia ante nos, el recurrido le informó al Tribunal de Primera Instancia que advino en conocimiento de que meses antes de su muerte, el causante constituyó un fideicomiso con el nombre de GTO Investments Trust (GTO) y designó como fiduciario a la compañía doméstica de responsabilidad limitada OM VERITA, LLC. Además, indicó que la señora Tous Rodríguez fue designada como la única beneficiaria de tal fideicomiso. Argumentó que, debido a que el traspaso de la titularidad de los bienes se realizó previo a que se realizara la partición de la herencia de la Sucesión de la Sra. Vivian María Rodríguez Kohly y la liquidación de la sociedad de gananciales, el señor Tous Oliver no estaba facultado para disponer o enajenar bienes específicos e individualizados de la comunidad de bienes gananciales. En consecuencia, adujo que el acto de traspasar el título sobre estos bienes a GTO fue nulo e ineficaz. Así las cosas, solicitó que se le permitiera incluir como parte demandada a GTO y que se designara a un administrador judicial o un comisionado especial para que velara por la conservación y la integridad del caudal hereditario, y se nombrara a un contador partidor para que procediera a la formación de inventario, avalúo y justa distribución de este.

La señora Tous Rodríguez negó estas alegaciones y sostuvo que no había necesidad de que el tribunal designara a un administrador judicial, comisionado especial o contador partidor, ya que, en el ejercicio de su rol de albacea, había contratado al licenciado Areizaga Soto, para que fungiera

como contador partidor. Entre otras razones, sostuvo que este fungía al mismo tiempo como contador partidor de la sucesión de su fenecida madre. Afirmó que el recurrido no tuvo reparo con respecto a tal designación cuando se le informó. Ulteriormente, el Tribunal de Primera Instancia concedió la solicitud de enmienda a la demanda, sin expresarse con respecto a la solicitud de la designación de un administrador judicial.

En la *Minuta-Resolución* de la vista de 3 de marzo de 2020, el foro primario expresó que, con referencia a la solicitad de administrador judicial o de nombramiento de comisionado especial o contador partidor, no estaba inclinado a realizar una determinación de administrador judicial para la Sucesión Tous Oliver, pero sí a nombrar un comisionado especial, por ser un caso que se había tornado complejo debido a las relaciones interpersonales, pero también en cuanto a las materias que se estaban planteando. Finalmente, mencionó que sería preferible que tal designación fuera escogida en consenso por las partes.

Luego de varios trámites procesales, el 2 de noviembre de 2021 la señora Tous Rodríguez, en su carácter de albacea, presentó una *Moción de Reconsideración a Orden* en la cual señaló que no procedía la designación de un contador partidor por parte del tribunal, ya que era contrario a nuestro ordenamiento jurídico y a la última voluntad del causante. Resaltó que al recurrido solo le correspondía una causa de acción de entrega de legado, según fue estipulado previamente

por las propias partes.[4] Además, planteó que, según las disposiciones testamentarias pertinentes, le correspondía al contador partidor que se designó en el testamento abierto llevar los trámites contables, sin que fuera necesaria la intervención del tribunal. Argumentó que, en la alternativa, le correspondía a ella, como albacea con plenas facultades delegadas por el testador, realizar la designación correspondiente del contador partidor, lo cual ya había hecho mediante la contratación del licenciado Areizaga Soto.

El 23 de noviembre de 2021 el recurrido presentó una *Réplica a Solicitud de Reconsideración* y adujo que, debido a que el contador partidor nombrado en el testamento rechazó tal designación, le correspondía al tribunal, previa solicitud de la albacea o administrador, nombrar un nuevo contador partidor. Añadió que el nombramiento de un comisionado especial, conforme la Regla 41 de Procedimiento Civil, 32 LPRA Ap. V, R. 41, beneficiaría la tramitación del pleito.

Con relación a la aludida designación, el 24 de noviembre de 2021 el Tribunal de Primera Instancia dictó una *Orden* aclarando que no se había pronunciado con respecto a la designación de un contador partidor o comisionado especial.

---

[4] El 13 de noviembre de 2019, las partes en el caso efectuaron la estipulación siguiente:

> Ambas partes están de acuerdo en que no procede una causa de acción de partición de herencia, sino una causa de acción de entrega de legado de bienes inmuebles propios del causante hasta satisfacer lo que le corresponda por su participación en la legítima estricta[…]. Dicha estipulación será final, firme e inapelable. Apéndice del *certiorari*, pág. 460.

Señaló, sin embargo, que, ante su deber ministerial de promover una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes, atendería la solicitud de designación de un comisionado especial en la vista del 13 de enero de 2022, por lo que les concedía a las partes un término de treinta (30) días para intercambiar nombres de candidatos a ser considerados por el tribunal para la designación del comisionado especial. Indicó que las partes debían realizar una reunión y presentar una moción conjunta con el nombre de la persona recomendada mediando común acuerdo. El foro de instancia advirtió que, de no lograr un acuerdo, debían presentar la lista de candidatos y sus resumés para ser evaluados por el tribunal. La señora Tous Rodríguez solicitó la reconsideración de esta *Orden*, pero el foro de instancia la denegó.

En 14 de enero de 2022, a solicitud del recurrido, el Tribunal de Primera Instancia ordenó que, en un término de quince (15) días, las partes intercambiaran nombres de posibles candidatos a comisionado especial y en quince (15) días adicionales presentaran un proyecto de mandato al comisionado especial.

El 31 de enero del 2022 la peticionaria solicitó reconsideración argumentando que no procedía la designación de un comisionado especial, ya que existía un contador partidor debidamente asignado y esto causaría una duplicidad de funciones. Sobre este asunto, argumentó que la designación de un comisionado especial es funcionalmente equivalente a la

de un contador partidor. Con respecto a la solicitud del recurrido, alegó que, debido a la estipulación alcanzada a los efectos de que este no era un heredero universal con legitimación para solicitar la partición de la herencia, el señor Tous Rodríguez solo estaba legitimado para solicitar la entrega del legado y no contaba con legitimación alguna para sugerir un contador partidor o un comisionado especial. Por último, añadió que la designación de un comisionado especial es contraria al testamento abierto del señor Tous Oliver, a la ley y a la jurisprudencia interpretativa, cuando ya existe un contador partidor.

El recurrido se opuso. Expresó que la señora Tous Rodríguez pretendía inducir a error al Tribunal de Primera Instancia cuando sostenía que el señor Tous Rodríguez no tenía legitimación para solicitar que se nombrara a un contador partidor o un comisionado especial. Insistió que, en todo caso, tal designación no le correspondía a la albacea de la Sucesión, ya que debería ser la albacea la que le solicite al tribunal el nombramiento, por ser este el foro con la facultad nominadora. Puntualizó que, en este caso, el contador partidor nombrado en el testamento no aceptó el cargo, por lo que la autoridad para realizar el nombramiento le correspondía al tribunal. El Tribunal de Primera Instancia denegó la solicitud de reconsideración de la peticionaria.

En respuesta, el 14 de febrero de 2022 el licenciado Areizaga Soto presentó *una Solicitud Urgente de Intervención del Contador Partidor Testamentario* mediante la cual

argumentó que, como contador partidor de las Sucesiones Rodríguez Kohly y Tous Oliver, estaba familiarizado con el caudal que componía la extinta sociedad legal de gananciales, las cuentas, los gastos, así como los de las sucesiones y las controversias relacionadas con estos. Por lo tanto, solicitó que se autorizara su intervención como contador partidor de forma tal que pudiera ejercer su cargo con todas las facultades que la ley le confiere, sin que mediara la intervención de un comisionado especial.

Ese mismo día el recurrido presentó como único candidato para el caso al contador público autorizado y abogado, el Lcdo. Reynaldo Quiñones Márquez, tras informar que las partes no pudieron llegar a un consenso. Así las cosas, la señora Tous Rodríguez inmediatamente presentó una moción en la cual expresó que ya existía un contador partidor, por lo que no se podía designar a otro sin un debido proceso de ley, dado que conllevaría una destitución *de facto* del actual contador partidor.

Finalmente, el 15 de mayo de 2022 el Tribunal de Primera Instancia dictó una *Orden* designando al licenciado Quiñones Márquez al cargo de comisionado especial, y estableciendo los parámetros de su encomienda. El foro primario fundamentó la designación del licenciado Quiñones Márquez en los aspectos técnicos y especializados que planteaba la adjudicación de las controversias del caso, y en consideración a que estaban involucradas cuestiones sobre cuentas, reconciliaciones y cómputos complejos de naturaleza sumamente técnicas.

Inconforme, el 31 de mayo de 2022 la señora Tous Rodríguez presentó una *Moción de Reconsideración a Orden designando al Lcdo. Quiñones como Comisionado Especial* en la cual arguyó, entre otras cosas, que la determinación del tribunal era contraria a la voluntad del causante, quien dispuso que estaba interesado en que la partición de su caudal no tuviera que culminar en los tribunales e incluso dispuso de una prohibición para la administración judicial de los bienes de su herencia. Además, afirmó que era contrario a derecho que prevaleciera la recomendación del recurrido por encima de su recomendación, ya que el causante, en su testamento abierto, dispuso que le otorgaba facultades plenas, incluyendo el poder de contratar los peritos que estimara necesario para cumplir con su voluntad y poner la herencia en condiciones de ser partida y adjudicada en el menor plazo posible. El Tribunal de Primera Instancia denegó la moción de reconsideración.

Ante la designación, el 22 de julio de 2022 la señora Tous Rodríguez y el actual contador partidor, el licenciado Areizaga Soto, presentaron por separado dos recursos de *certiorari* ante el Tribunal de Apelaciones. La peticionaria añadió como argumento que la prerrogativa de escoger y recomendar a un comisionado especial para hacer las tareas de un contador partidor es una facultad secundaria o instrumental de sus facultades plenas como albacea, incluyendo el poder contratar los peritos que estime necesario para cumplir con la voluntad del causante.

Adicionalmente, ambas partes esbozaron los mismos argumentos que realizaron ante el foro de primera instancia. Ante ello, el 28 de julio de 2022 el recurrido presentó su oposición. Evaluados los escritos, el Tribunal de Apelaciones denegó expedir ambos recursos, así como también denegó una moción de reconsideración que la señora Tous Rodríguez presentó oportunamente.

Insatisfecha, la peticionaria acudió ante nos mediante un recurso de *certiorari* y esbozó los señalamientos de error siguientes:

**Primer error**: Erró el Tribunal de Apelaciones al confirmar la determinación del TPI de escoger el candidato propuesto para Comisionado Especial por la aquí Parte Recurrida y destituir de facto al Contador Partidor designado por la aquí Parte Peticionaria. Lo anterior en clara contravención a la voluntad expresa del causante y de las facultades del albacea.

**Segundo error**: Erró el Tribunal de Apelaciones al confirmar la determinación del TPI de designar un Comisionado Especial en el caso de epígrafe, cuando la albacea, a tenor con las facultades que le fueron conferidas por el causante en su testamento abierto, en el 2019, nombró a un Contador Partidor, el cual ejerce funciones similares al de un Comisionado Especial. Por lo tanto, la designación de un Comisionado Especial es una duplicidad de funciones y una erogación innecesaria de fondos del caudal hereditario.

Expedimos el recurso y ambas partes presentaron sus alegatos. Perfeccionado el caso, procedemos a esbozar el derecho aplicable a esta controversia.

## II.

### A. La figura del albacea, sus facultades y su poder ante los otros herederos y los tribunales

Conforme a como está instituida la figura del albacea en el Artículo 823 del derogado Código Civil de 1930, 31 LPRA ant. sec. 2520, los albaceas "tendrán todas las facultades que expresamente les haya conferido el testador, y no sean contrarias a las leyes". En ausencia de una determinación específica por el causante sobre las facultades del albacea, el Artículo 824 del referido Código establece que las facultades serán las siguientes:

> (1) Disponer y pagar los sufragios y el funeral del testador con arreglo a lo dispuesto por él en el testamento; y en su defecto, según la costumbre del pueblo.
>
> (2) Satisfacer los legados que consistan en metálico, con el conocimiento y beneplácito del heredero.
>
> (3) Vigilar sobre la ejecución de todo lo demás ordenado en el testamento, y sostener, siendo justo, su validez en juicio y fuera de él.
>
> (4) Tomar las precauciones necesarias para la conservación y custodia de los bienes, **con intervención de los herederos presentes**. 31 LPRA ant. sec. 2521 (Énfasis suplido).[5]

Debido al "carácter eminentemente fiduciario del albaceazgo[,] impone considerar que la extensión de las funciones del ejecutor testamentario dependerá[n] de la confianza que tenga el causante en la persona de aquel y de los fines que con la institución pretendan conseguirse". L. Puig Ferriol, El Albaceazgo, Ed. Bosch, 1967, pág. 144.

El derogado Código Civil expresa que "los albaceas

---

[5] Señalamos que el Código Civil de 2020 no modificó sustancialmente tales facultades, sino que, en esencia, estas son muy similares, **a diferencia de la responsabilidad del albacea de realizar la partición de la herencia cuando no haya un contador partidor designado**. Artículo 1740 del Código Civil de 2020, 31 LPRA sec. 11512.

deberán dar cuenta de su encargo a los herederos". Artículo 829 del Código Civil de 1930, 31 LPRA ant. sec. 2526. Esto, a pesar de que "el albacea [es quien] ha sido designado por el causante para que ejecute su última voluntad". Pino Dev. Corp. v. Registrador, 133 DPR 373, 389 (1993) (citando a M. Albadalejo, El albaceazgo en el derecho español, Madrid, Ed. Tecnos, 1969, pág. 20). Cabe resaltar que el artículo no define de qué manera el albacea debe rendirle tales cuentas a los herederos, así como el Artículo 824 tampoco elabora sobre cuán abarcadora puede ser la intervención de los herederos presentes con respecto a la responsabilidad del albacea de tomar las precauciones necesarias para la conservación y la custodia de los bienes.[6] No obstante, en referencia a este asunto, hemos señalado, en acuerdo con lo expresado por el Prof. Efraín González Tejera, que "[e]l albacea responde por abandono de sus deberes, desidia, mala administración, apropiación indebida de los bienes del caudal, dolo, malicia, gastos innecesarios o injustificados, litigios temerarios, negligencia, mala administración, demora injustificada en la entrega de los bienes, etc.". Ex parte González Muñiz, 128 DPR 565, 573 (1991) (citando a E. González Tejera, Derecho Sucesorio Puertorriqueño, San Juan, Ramallo Bros. Printing, 1983, Vol. 2, pág. 502).

---

[6] Este vacío jurídico fue en cierta manera sopesado al aprobarse el Código Civil de 2020. Allí se establece que, en defecto de la autorización expresa del causante para el albacea enajenar o gravar los bienes de la herencia, se necesitará el consentimiento unánime de los herederos o la autorización judicial. Artículo 1741 del Código Civil de 2020, 31 LPRA sec. 11513.

Por otro lado, nos hemos pronunciado brevemente con respecto a las facultades específicas de administración de la sucesión que ostenta el albacea. Al enfrentarnos a circunstancias existentes que no eran previsibles en la fecha del otorgamiento del testamento, y estando aún pendiente de entrega los bienes que finalmente estarán comprendidos en un fideicomiso, expresamos que:

> Aunque el testador no le confirió facultades de administración [al albacea,] [. . .] **[este] tiene aquellas facultades que podrían llamarse secundarias o instrumentales, que sean necesarias para el ejercicio de las otorgadas por el testador o para su normal utilización**, entre las que se encuentran: la de vigilar sobre la efectividad de las facultades que el testador le concedió en el testimonio y sostener siendo justo, la validez del deseo del testador en juicio y fuera de él, a los fines de que pueda llevar a cabo su cometido y la facultad adicional de tomar las precauciones necesarias para la conservación y custodia de los bienes con intervención de los herederos presentes, hasta el momento que la herencia del causante sea entregada al fiduciario. Ab Intestato Marini Pabón, 107 DPR 433, 438-39 (1978)(Énfasis suplido).

Así las cosas, el albacea posee un rol de administración que responde en unísono a la voluntad del testador y este rol solo podría ser ejecutado por los otros herederos de no haber albacea que acepte el cargo. Artículo 833 del Código Civil de 1930, 31 LPRA ant. sec. 2530 (derogado).

## B. La figura del contador partidor

A diferencia del actual Código Civil de 2020, el derogado Código Civil del 1930 solo alude brevemente a la figura del contador partidor en su Artículo 1348 sobre personas que no pueden adquirir por compra cuando indica que los albaceas y los contadores partidores, respecto a los bienes confiados a

su cargo, "no podrán adquirir por compra, aunque sea en subasta pública o judicial, por sí ni por persona alguna intermedia". Artículo 1348 del Código Civil de 1930, 31 LPRA ant. sec. 3773 (derogado). Por otro lado, las Reglas 37.1 y 37.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 37.1, 37.2, hacen referencia a esta figura con respecto a los trámites posibles de realizarse en la reunión entre los abogados para el manejo del caso y la conferencia inicial.

Es mediante el Código de Enjuiciamiento Civil de 1933 que podemos obtener una exposición más clara de la figura del contador partidor y su función en el derecho sucesorio. El Artículo 600 establece que:

> Cuando un albacea o administrador estuviere en posesión de todo el caudal, y hubiese satisfecho o tuviese en su poder bienes bastantes para satisfacer las deudas y gastos de la administración, deberá pedir al Tribunal de Primera Instancia el nombramiento de un contador para practicar la división de la herencia, siempre que el testador no lo haya nombrado en su testamento. Artículo 600 del Código de Enjuiciamiento Civil (ed. 1933), 32 LPRA sec. 2621.

El Artículo 601 del Código de Enjuiciamiento Civil consagra los datos que se deberán suministrar al contador partidor para poder realizar "el avalúo, liquidación, división y distribución del caudal hereditario". Artículo 601 del Código de Enjuiciamiento Civil (ed. 1933), 32 LPRA sec. 2622.[7]

---

[7] Tal descripción fue acogida por el Artículo 1747 del Código Civil de 2020, el cual esboza de manera sucinta que "[e]l contador partidor es la persona designada para realizar la liquidación, la división y la adjudicación de los bienes hereditarios". Artículo 1747 del Código Civil de 2020, 31 LPRA sec. 11531.

Cabe señalar que los Artículos 602 y 603 del Código aludido utilizan indistintamente el término *comisionado* cuando se refiere al contador partidor. El Artículo 602 puntualiza que "[l]a aceptación del nombramiento por parte de un comisionado dará derechos a todos y cada uno de los interesados para obligarle a que cumpla su cargo en el término que racionalmente se estime necesario, teniendo en consideración la importancia y dificultad de la división". Artículo 602 del Código de Enjuiciamiento Civil (ed. 1933), 32 LPRA sec. 2623. Asimismo, este artículo sienta las bases para determinar el poder que tiene un foro judicial sobre un contador partidor al disponer que, si el contador partidor dejara de llevar a cabo las tareas a su cargo, "podrá cualquiera de las partes solicitar del juez del Tribunal de Primera Instancia un auto ordenándole que lo haga". *Íb.* Mientras, el Artículo 603 consagra los deberes del contador partidor y detalla el informe que este debe suscribir con respecto a la sucesión en cuestión. Artículo 603 del Código de Enjuiciamiento Civil (ed. 1933), 32 LPRA sec. 2624. Este artículo elabora aún más sobre el rol de los foros judiciales para con el contador partidor y establece que este:

> Entregará su informe al secretario del tribunal [...]. Si dentro de los ocho (8) días de notificada la presentación del informe éste no fuere impugnado, el juez del Tribunal de Primera Instancia lo confirmará y ordenará que se proceda a la partición, división o distribución, de acuerdo con dicho informe. Si se presentare la oposición al informe, cualquiera de las partes podrá pedir la vista ante el tribunal de los autos, dando de ello aviso a las demás con cinco (5) días de anticipación; y el juez, oídas las partes por medio

de sus letrados, admitirá o desestimará las impugnaciones, confirmando o rechazando el informe, o devolviéndolo para que se enmiende. Si se impugnare el informe por haber mediado soborno, conspiración, fraude o conducta reprochable en el procedimiento, y hubiere motivos fundados para creer justificada la acusación, el juez destituirá al comisionado, mandará que se entregue copia de los autos al fiscal del Tribunal de Primera Instancia para la instrucción del correspondiente proceso, y desechando el informe, nombrará otro comisionado para procederse a una nueva partición. Artículo 603 del Código de Enjuiciamiento Civil (ed. 1933), 32 LPRA sec. 2624.

Por consiguiente, el rol del contador partidor está atado tanto al criterio de los herederos de la sucesión como al de los foros judiciales.

Sobre este rol, hemos pronunciado que "el contador partidor tiene el derecho absoluto a preparar u obtener un inventario independiente para poder proceder al avalúo, liquidación, división y distribución de la herencia, para la partición de la misma[...]. [De esta forma,] [n]o tenemos duda alguna respecto a los poderes exclusivos del contador partidor dentro de los límites del campo de sus actividades". Porrata v. Corte, 53 DPR 148, 152 (1932).

### C. El comisionado especial

La figura del comisionado especial está regulada por la Regla 41 de Procedimiento Civil, 32 LPRA Ap. V, R. 41. Esta regla describe a cabalidad su nombramiento; compensación; las encomiendas que le puede otorgar un tribunal cuando lo designa; los poderes que acompañan tal designación; el proceso a llevarse cuando el tribunal le encomiende un asunto, y el informe que este debe realizar sobre todos los asuntos encomendados y que deberá entregar a la Secretaría del

tribunal. Nótese que, conforme a las Reglas de Procedimiento

Civil:

> La encomienda de un asunto a un comisionado en el Tribunal de Primera Instancia será **la excepción** y no la regla. No se encomendará el caso a un comisionado o una comisionada en ningún pleito, salvo cuando estén involucradas cuestiones sobre cuentas y cómputos difíciles de daños o casos que involucren cuestiones sumamente técnicas o de un conocimiento pericial altamente especializado. No se nombrará un comisionado especial si una parte demuestra que el nombramiento ocasionaría una dilación innecesaria en los procedimientos o unos costos irrazonables. Regla 41.2, 32 LPRA Ap. V, R. 41.2 (Énfasis suplido).

Con respecto a las responsabilidades del comisionado

especial, este podrá:

a- Exigir que se produzca ante él o ella cualquier prueba sobre todos los asuntos comprendidos en la encomienda.

b- Decidir sobre la admisibilidad de prueba.

c- Juramentar personas testigos y examinarlas.

d- Hacer un expediente de la prueba ofrecida y excluida sujeto a las mismas limitaciones dispuestas en las Reglas de Evidencia.

e- Notificar a las partes o a sus abogados, inmediatamente después de recibir la fecha y el lugar para la primera reunión, que deberá celebrarse dentro de los veinte (20) días siguientes a la fecha de la orden del tribunal.

f- Obtener la comparecencia de personas testigos la expedición y notificación de citaciones.

g- Cuando estén en controversia ante el comisionado o la comisionada cuestiones sobre cuentas, éste o ésta podrá prescribir la forma en que dichas cuentas deberán someterse, y en cualquier caso adecuado podrá exigir o recibir en evidencia un estado de cuentas preparado por un contador público o contadora pública, o contador público autorizado o contadora pública autorizada, que sea llamado o llamada como testigo.

> Reglas 41.2-41.4 de Procedimiento Civil, 32 LPRA
> Ap. V, R. 41.2-41.4.

Por lo tanto, las responsabilidades de un comisionado especial pueden ser análogas a aquellas a las de un contador partidor o ser más abarcadoras, dependiendo primordialmente de las necesidades particulares de cada caso. Ambas figuras ostentan roles muy similares y, con respecto a este asunto, hemos manifestado que no procede la designación de un comisionado especial si este llevará acabo funciones análogas a las de un contador partidor ya existente. En específico, este Tribunal expresó:

> **La Regla 41 de Procedimiento Civil que provee para el nombramiento de un comisionado especial es a todas luces incompatible e inaplicable al procedimiento sobre partición y división de herencia** regulado por las ya mencionadas disposiciones del Código de Enjuiciamiento Civil. Dicho articulado provee precisamente para el nombramiento de un contador partidor a quien inclusive se le denomina *comisionado* en los Arts. 602 y 603 [del Código de Enjuiciamiento Civil] **y cuyas atribuciones, prerrogativas y responsabilidades son casi idénticas a las que confiere la Regla 41 al comisionado especial.** Es deber del que ocupe cualquiera de los dos cargos mencionados efectuar una investigación sobre los bienes envueltos y las cargas o deudas que pesen sobre ellos y a esos fines están autorizados a celebrar las vistas que fueren menester para examinar y recibir prueba documental, testimonios orales, etc. **Pesa sobre ambos idéntica responsabilidad** de someter un informe al tribunal, cuyos informes son susceptibles de impugnación por las partes interesadas, pudiendo el tribunal celebrar vista para escuchar prueba al respecto, luego de la cual puede aprobar el informe con o sin enmiendas, devolverlo para que se enmiende, o rechazarlo de plano. Art. 603 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2624, y Regla 41.5 de las de Procedimiento Civil, 1958, 32 LPRA Ap. II, R. 41.5.

> **En vista de esta marcada similaridad, ¿qué propósito útil puede tener el que se nombre un comisionado especial en un procedimiento sobre división y partición de herencia cuando éste únicamente serviría para repetir la labor del contador partidor? Tal imbricación de funciones sólo duplicaría el procedimiento, haciéndolo innecesariamente complicado, largo y oneroso a las partes, todo ello en contravención a lo dispuesto por las Reglas 1 y 61 de las de Procedimiento Civil.** Batiz v. Tribunal Superior, 104 DPR 41, 49-50 (1975) (Énfasis suplido).

### D. La voluntad del causante y el rol de los foros judiciales

"Nuestro ordenamiento jurídico otorga a los individuos la libertad de plasmar su última voluntad a través del testamento". Torres Martínez v. Torres Ghigliotty, 175 DPR 101 (2008). Como resultado, "en la interpretación de los testamentos prevalece la voluntad del testador". Vda. de Sambolín v. Registrador, 94 DPR 320, 327-328 (1967). Es tan primordial que se cumpla con esta voluntad que "[t]oda disposición testamentaria deberá entenderse en el sentido literal de sus palabras, a no ser que aparezca claramente que fue otra la voluntad del testador. En caso de duda se observará lo que parezca más conforme a la intención del testador, según el tenor del mismo testamento". Art. 624 del Código Civil de 1930, 31 LPRA ant. sec. 2129. La esencia de este pilar en el derecho sucesorio surge del testamento; es "una de las manifestaciones —quizás la más pura— del principio de la autonomía de la voluntad". Torre Ginés v. ELA, 118 DPR 436, 445 (1987)(citando a M. García Amigó,

Interpretación del Testamento, 53 Rev. Der. Privado 931 (1969)).

Claro está, la voluntad del testador no es ilimitada o irrestricta, "puesto que los testadores tienen que observar las limitaciones impuestas por el Código Civil[, el derecho sucesorio y las leyes aplicables]". Torres Martínez v. Torres Ghigliotty, supra, pág. 101. Esto, debido a que "[n]uestro ordenamiento sucesorio está cimentado en dar cumplimiento a la voluntad del testador en la disposición de sus bienes en lo que no sea contrario a la ley". *Íb.*, págs. 106-107. Así, cualquier disposición en el testamento que sea contraria a la ley se dará por nula en el proceso de interpretación de un testamento. Véase, Vilanova v. Vilanova, 184 DPR 824, 858 (2012).

En consideración al rol que tienen los foros judiciales en la interpretación del testamento y la voluntad del causante, debe siempre prevalecer la voluntad real del testador dentro del marco permitido por la ley. Al examinar un testamento con respecto a la voluntad del causante, el tribunal debe tomar en consideración que:

> Cuando el lenguaje usado es claro y la intención del disponente se manifiesta diáfanamente de una lectura literal de las disposiciones del testamento, la labor judicial resulta sencilla. Sin embargo, muchas veces el texto del testamento es claro, el lenguaje no ofrece dudas, pero no necesariamente la voluntad real y querida, coinciden con la voluntad expresada. Torre Ginés v. ELA, supra, pág. 445 (*citando a* E. González Tejera, Derecho Sucesorio Puertorriqueño, San Juan, Ed. Ramallo, 1983, Vol. II, pág. 55).

En esencia, los foros judiciales deben ejecutar el rol final como "intérprete[s] del testamento […] descubri[endo] y declarar[ando] la voluntad del testador". *Íb.*

**III.**

La señora Tous Rodríguez nos plantea que el causante fue claro en la voluntad que plasmó en su testamento abierto al disponer: (1) que su testamentaría no culminara en los tribunales;[8] (2) designarla a ella como albacea, y otorgarle como tal facultades plenas para cumplir con la voluntad del Testador y, (3) poner la herencia en condiciones de ser partida y adjudicada a los beneficiarios designados en el menor plazo posible.[9] Por lo tanto, aduce que no hay margen para controvertir que el causante testó y le confirió a la albacea poderes amplios para cumplir con la misión y los deseos plasmados en el testamento del causante, incluyendo el de designar a un contador partidor que manejara la Sucesión ante la renuncia del ya designado. Expone que la prerrogativa de designar un contador partidor en esta situación, así como

---

[8] El argumento de la señora Tous Rodríguez de que no procedía atender estos asuntos por la vía judicial ya que es en contravención a la voluntad del causante es estrictamente jurisdiccional. Resaltamos que "nuestro ordenamiento sucesorio está cimentado en dar cumplimiento a la voluntad del testador en la disposición de sus bienes en lo que no sea contrario a la ley". <u>Torres Martínez v. Torres Ghigliotty</u>, 175 DPR 101, 106-107 (2008). Una disposición testamentaria que prohíbe acudir a los foros judiciales es contraria a derecho y, por lo tanto, nula, por lo que el argumento de la señora Tous Rodríguez sobre este asunto no nos convence. Procederemos a resolver en cuanto a sus otros argumentos en los méritos.

[9] Como argumento adicional en su alegato, la peticionaria puntualiza que el demandante carece de legitimación para solicitar la designación de un comisionado especial o un contador partidor, porque su derecho se limita a uno de entrega de legado, conforme al Artículo 807 del Código Civil de 1930, 31 LPRA ant. sec. 2496. Este argumento es inmeritorio. A pesar de que el recurrido estipuló que tomaría su parte de la legítima como legatario, esto no se considera una renuncia implícita a su derecho como legitimario. Así entonces el recurrido permanece con el derecho que tiene cualquier heredero y en este caso, legitimario, de velar por sus intereses propietarios y aquellos de la Sucesión.

de escoger y recomendar a un comisionado especial, para hacer las tareas de un contador partidor, es una facultad secundaria o instrumental de las facultades plenas que se le concedieron mediante el testamento.

La peticionaria también refutó los argumentos del recurrido que interpretan que la designación del licenciado Areizaga Soto no fue un llamamiento testamentario. El recurrido alude a que, debido a que el licenciado Areizaga Soto nunca fue nombrado por el causante como la persona a tomar el puesto de contador partidor en su testamento, tal designación era contraria a derecho y debía ser realizada por el Tribunal de Primera Instancia. No obstante, según la peticionaria, dentro de las facultades que se le concedieron se encontraba la de contratar los peritos que estimara necesarios para la partición, por lo que la designación del licenciado Areizaga Soto como contador partidor es, para todos los efectos, una testamentaria. Tomando esto en consideración, expone que ella como albacea solo podrá acudir al tribunal para la designación de un contador partidor bajo el supuesto de que el testador no lo hubiese designado o que no existiera nadie facultado para hacerlo, lo que no ocurrió. Además, puntualizó que cuando se realizó la designación del comisionado especial, el foro inferior nunca explicó las alegadas complejidades que ameritaban la designación de un comisionado especial y se limitó a expresar que tal *Orden* era necesaria.

Finalmente, la peticionaria argumentó que la designación de un comisionado especial socavaría las funciones del licenciado Areizaga Soto como contador partidor debido a las similitudes en las funciones de un contador partidor y un comisionado especial. Por lo tanto, la designación de un comisionado especial creaba una duplicidad de esfuerzos que atrasaría el proceso de división, adjudicación y partición de la herencia y resultaría en un daño al caudal de la sucesión por tener que incurrir en gastos adicionales.

Por otro lado, el recurrido argumentó que el uso de un comisionado especial en este caso ya estaba resuelto conforme al mecanismo de la Regla 41 de Procedimiento Civil, supra. Expuso que, ante el nombramiento del único candidato que se sometió ante su consideración para el rol de comisionado especial, la peticionaria no llegó a oponerse a las credenciales del licenciado Quiñones Márquez, ni llegó a presentar su propio candidato. Más bien, esperó a que el Tribunal de Primera Instancia hiciera el nombramiento para intentar relitigar lo relacionado con la utilización del mecanismo del comisionado especial. De esta manera, aseveró que el recurso presentado ante nosotros era frívolo, y que fue, además, presentado para dilatar los procedimientos ante el foro de primera instancia.

De entrada, establecemos que le asiste la razón a la señora Tous Rodríguez cuando alude a que la designación que realizó del contador partidor es una testamentaria, conforme a las facultades que le fueron delegadas en el testamento

abierto del causante, que constan en la Escritura Núm. 4 de 2014. Como esbozamos anteriormente, la albacea posee un rol de administración que responde en unísono a la voluntad del testador. Artículo 833 del Código Civil de 1930, 31 LPRA ant. sec. 2530. Este rol responde, no solo a las facultades que son instituidas por ley, sino también a los deseos del causante relacionados con cómo debe llevarse a cabo la administración de su sucesión una vez este haya fallecido. Nos es forzoso concluir que cuando el señor Tous Oliver facultó mediante testamento abierto a la señora Tous Rodríguez a llevar a cabo todas las gestiones "que legalmente sean necesarias y legítimas para cumplir con [su] voluntad", esto incluyó contratar a un contador partidor para sustituir el puesto que no tomó el que fue designado por el causante. Tal facultad era instrumental para llevar a cabo la encomienda de encaminar la Sucesión a una pronta división, adjudicación y partición de los bienes hereditarios. Aún más, pesa sobre esta determinación el hecho de que el licenciado Areizaga Soto es el contador partidor de la Sucesión Rodríguez Kohly, por lo que conoce a cabalidad los bienes gananciales entre ambos caudales. **Quedando claro que la designación del contador partidor se realizó conforme a la voluntad del causante**, procedemos a atender la controversia sobre la designación de un comisionado especial.

De una lectura de los preceptos que regulan las figuras del comisionado especial y el contador partidor, no podemos negar las similitudes que existen en ambos puestos. No

obstante, la figura del comisionado especial contiene facultades *adicionales* a las que ostenta el contador partidor, según le son reconocidas a este último cargo en el Código de Enjuiciamiento Civil. Ahora bien, esas facultades añadidas de la figura del comisionado especial entrarían en juego siempre que sea necesario para la administración apropiada de la sucesión. Tales facultades serían independientes de aquellas que realiza un contador partidor y deben ser identificadas por el tribunal para que puedan entrar en vigor. Teniendo esto en consideración, resaltamos que la *Orden* de 15 de mayo de 2022 que emitió el Tribunal de Primera Instancia no fundamentó por qué se estaba llevando a cabo tal designación. Dicha orden se limitó a indicar lo siguiente:

> En consideración a los aspectos técnicos y especializados que plantea la adjudicación de las controversias del presente caso, y en consideración a que en este caso están involucradas cuestiones sobre cuentas, reconciliaciones y cómputos complejos de naturaleza sumamente técnicas, este Tribunal concluye que es necesaria la designación de un Comisionado Especial, y en su consecuencia, y a tenor con las Reglas 41.1 y 41.2 del Procedimiento Civil (32 LPRA Ap. V), este Tribunal designa como Comisionado Especial en el caso de epígrafe al Lcdo. Reynaldo Quiñones Márquez, quien es Abogado, Contador Público Autorizado, Certified Valuation Analyst, Certified Fraud Examiner y Árbitro Certificado, y quien tiene amplia experiencia actuando, como Comisionado Especial en casos similares.[10]

A pesar de que la *Orden* reconoce que ya existía un contador partidor designado con cualificaciones similares a las del licenciado Quiñones Márquez, el foro primario no

---

[10] Apéndice del *certiorari*, pág. 3.

justificó la segunda designación, ni detalló cuál sería entonces la función o las funciones de la actual designación del licenciado Areizaga Soto como contador partidor. Entendemos que los fundamentos utilizados por el Tribunal de Primera Instancia son genéricos e insuficientes y no justifican la designación de otro profesional que potencialmente duplique los esfuerzos del licenciado Areizaga Soto como contador partidor.

Sirve de norte a nuestro curso decisorio lo que expresamos hace varios años a los efectos de que "el contador partidor tiene el derecho absoluto a preparar u obtener un inventario independiente para poder proceder al avalúo, liquidación, división y distribución de la herencia, para la partición de la misma. [De esta forma,] [n]o tenemos duda alguna respecto a los poderes exclusivos del contador partidor dentro de los límites del campo de sus actividades". Porrata v. Corte, supra, pág. 152. Además, como igualmente establecimos en otro pronunciamiento, **no procede la designación de un comisionado especial si este llevará acabo funciones análogas a las de un contador partidor ya existente.** Batiz v. Tribunal Superior, supra. Tales facultades solo deben ser limitadas por el tribunal de encontrarse que la persona designada no está apta para llevar a cabo una encomienda efectiva o si se determinan razones específicas por las cuales un comisionado especial tendría que interceder para asumir el rol del contador partidor o llevar a cabo funciones adicionales designadas exclusivamente al

comisionado especial. La duplicidad de funciones en la administración del caudal sucesorio no tiene lugar en nuestro ordenamiento jurídico, ya que atenta contra los derechos propietarios de los herederos.

## IV.

Por los fundamentos expuestos, se deja sin efecto la *Orden* de 15 de mayo de 2022 mediante la cual se designó al Lcdo. Reynaldo Quiñones Márquez al cargo de comisionado especial de la Sucesión Tous Oliver. En consecuencia, se mantiene al Lcdo. Edgardo Javier Areizaga Soto como contador partidor, y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos ulteriores de forma consistente con lo aquí resuelto.

Se dictará Sentencia de conformidad.

Maite D. Oronoz Rodríguez
Jueza Presidenta

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Guillermo Tous Rodríguez

    Recurrido

        v.

                            CC-2022-0669

Sucesión Guillermo Tous Oliver,
compuesta por Vivian María Tous
Rodríguez y otros

    Peticionarios

SENTENCIA

En San Juan, Puerto Rico, a 1 de septiembre de 2023.

Por los fundamentos expuestos en la Opinión que antecede, se deja sin efecto la *Orden* que emitió el Tribunal de Primera Instancia el 15 de mayo de 2022 mediante la cual designó al Lcdo. Reynaldo Quiñones Márquez al cargo de comisionado especial de la Sucesión Tous Oliver. En consecuencia, se mantiene al Lcdo. Edgardo Javier Areizaga Soto como contador partidor, y se devuelve el caso al foro primario para la continuación de los procedimientos ulteriores de forma consistente con lo aquí resuelto.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco disiente y hace constar las expresiones siguientes:

> "Disiento del proceder de una Mayoría de este Tribunal al establecer que la Albacea de la Sucesión Tous Oliver tiene un llamamiento testamentario para nombrar un Contador Partidor a pesar de que le es aplicable el Código Civil de 1930.
>
> El testamento establece las facultades que ostenta como Albacea la Sra. Vivian Tous

Rodríguez (señora Tous Rodríguez o peticionaria), quien también es coheredera. Específicamente, esta "[T]endrá en fin, **todas las facultades que le confiere la Ley y todas las que legalmente sean necesarias y legítimas** para cumplir con la voluntad del Testador y poner la herencia en condiciones de ser partida y adjudicada [...]". (Negrilla suplida). Sin embargo, esto no puede interpretarse como una carta blanca para que la peticionaria nombrara un Contador Partidor o que la voluntad del testador era que ella escogiera quien ejercerá el cargo. Así, es menester destacar que el Art. 600 del Código de Enjuiciamiento Civil dispone que cuando un albacea tenga posesión de todo el caudal y tenga en su poder bienes suficientes para satisfacer las deudas y gastos de la administración, **deberá** pedir al foro primario el nombramiento de un contador partidor **siempre que el testador no lo hubiese nombrado en su testamento.** 32 LPRA sec. 2621. Asimismo, el siguiente artículo establece que al Contador Partidor se le dará la información necesaria para realizar sus funciones, **fuese este nombrado por el testador o por el Tribunal.** Íd., sec. 2622. Entiéndase, si el testador no nombró a un Contador Partidor, le corresponde al tribunal este nombramiento; no había margen en nuestro ordenamiento jurídico vigente al momento del fallecimiento del causante para un nombramiento unilateral por otra persona o entidad.[11]

En esa dirección, el Art. 1057 del Código Civil de España dispone que cuando no haya testamento, cuando lo haya, pero no se haya designado Contador Partidor en él, o **cuando esté vacante el cargo,** es el Secretario Judicial o el Notario quien puede nombrar un Contador Partidor. En este caso se nombró por testamento a un Contador Partidor que rechazó el cargo luego del fallecimiento del causante. Al quedar el cargo de Contador Partidor vacante, para todos los efectos, se creó una situación igual a la que ocurriría cuando un testador no nombra un Contador Partidor en su testamento. Correspondía entonces que la Albacea informara de esta situación al Tribunal de Primera Instancia para que ese foro nombrara un Contador Partidor según lo exigía nuestro ordenamiento jurídico en ese momento.

---

[11] Además, cuando el testador no le encomendó a otro la facultad de hacer la partición la herencia, los herederos podrán distribuirla de la manera que encuentren conveniente. Art. 1011 del Código Civil de 1930, 31 LPRA sec. 2877.

De esta manera, queda claro que la señora Tous Rodríguez no está facultada para nombrar al contador partidor, aunque el testador le asignara funciones amplias en el ejercicio de su cargo como albacea. Tal designación sería contraria a la Ley y por tanto nula, ya que esa prerrogativa le corresponde únicamente al testador o al tribunal, según las circunstancias. Permitir que los albaceas nombren al Contador Partidor cuando se le otorguen facultades amplias para cumplir con la voluntad del testador mediante una "cláusula zafacón" —más aún en este caso que la albacea es una coheredera forzosa— es contrario al ordenamiento jurídico aplicable y a la base de nuestro derecho de sucesiones. Esto solamente abonaría a la discordia entre coherederos y entorpecería la adjudicación del caudal.

Por estas razones, **disiento** y hubiese ordenado al Tribunal de Primera Instancia a realizar el procedimiento para nombrar a un Contador Partidor."


                              Javier O. Sepúlveda Rodríguez
                              Secretario del Tribunal Supremo